GOODRICH *v.* HACKLEY-PHELPS-BONNELL CO.

STATUTES — IMPLIED REPEAL—CORPORATIONS—SERVICE OF PROCESS.

Act No. 232, Pub. Acts 1903, providing in section 30 for the service of process on corporations, is, as to that section, a re-enactment of Act No. 232, Pub. Acts 1885, § 30, and therefore does not repeal Act No. 242, Pub. Acts 1887, § 3, the two sections not being inconsistent.

Error to Oceana; Russell, J. Submitted April 6, 1905. (Docket No. 35.) Decided September 20, 1905.

Assumpsit by Charlie Goodrich against the Hackley-Phelps-Bonnell Company for goods sold and delivered.

There was an order dismissing the case for want of proper service of the summons, and plaintiff brings error. Reversed.

*F. E. Wetmore*, for appellant.

*Bundy, Travis & Merrick* and *Wallace Foote*, for appellee.

Hooker, J.  In 1887 a general act was passed in relation to the service of process against corporations, except railroad companies, and repealing all acts or parts of acts inconsistent therewith.  See Act No. 242, Pub. Acts 1887, § 3.

It was afterwards held that a service upon a manufacturing corporation under this statute was valid, notwithstanding the existence of other provisions in relation to process found in defendant's organic act.  It was said that " the legislature evidently intended to place corporations upon the same footing as individuals."  *Potter* v. *Manufacturing Co.*, 79 Mich. 209.  The important change was that process might be served upon the enumerated persons in any county where the plaintiff should reside.  It is noticeable that there is nothing in that provision, or in the case cited, that indicates that the organic act referred to was inconsistent with the law of 1887, or that a service conforming to the provisions of the organic act would be invalid, while the language used in both seems to imply an enlargement of it.

Act No. 232 of the Public Acts of 1903 is an act to revise and consolidate the laws providing for the incorporation of manufacturing companies, etc.  It is a broad act, evidently designed to be complied with in the future incorporation of companies for a variety of purposes, as indicated by sections 36 and 37, but by no means includes all purposes.  Section 30 provides:

"Service of any notice or legal process against any corporation formed or existing under this act may be made on the president, secretary or treasurer, or upon the

agent in charge of any business office of such corporation within this State, or if neither of such officers or agent can be found, then such service may be made by posting a true copy thereof in some conspicuous place at the business office of the corporation in this State."

This section is in terms permissive, and the question before us is whether we must find it mandatory, and by implication exclusive of the general provision referred to in *Potter* v. *Manufacturing Co.*, supra, i. e., 3 Comp. Laws, § 10468. Furthermore, section 30 of the revised Act No. 232, Pub. Acts 1903, is identical with the corresponding section in the earlier act, and has been in the statute for a long time. Act No. 232, Pub. Acts 1885, § 30. Indeed, it is said to be much older than that.

The act of 1887 was an enlargement of the rights of plaintiffs desiring to sue any corporation. It was a general act applicable to all corporations, and is similar in character to chapter 230 of the Compiled Laws. No one would claim that this chapter does not apply to corporations formed under acts passed later than the time of the passage of that act, nor would it be claimed that the recent revision of the act in question has had the effect to repeal the general act mentioned as to manufacturing corporations. Again, the law of 1887 may be called an intermediate act; i. e., it was passed after the act of 1885 and before the revision of 1903. The question is whether it is repealed by the latter, which specifically repeals several acts, but not the act of 1887. If that act is inconsistent with the act of 1903, it should be held to be repealed by implication; but it is no more inconsistent with it than with the act of 1885, section 30 of both acts being identical. In such cases the effect of the amendment is not to repeal the intermediate act. Endlich on Interpretation of Statutes, § 194, citing *Morisse* v. *Royal British Bank*, 1 C. B. (N. S.) 67, 26 L. J. C. P. 62; *Wallace* v. *Blackwell*, 3 Drew. 538; *Rex* v. *Dove*, 3 Barn. & Ald. 596.

There should be no presumption that the revision was

designed to affect the general act of 1887 as to service of process, which was designed to apply generally to corporations previously organized or which might afterwards be formed under then existing or prospective laws. The revised act being in no way inconsistent with the general act, we must assume that it was not intended to have the effect of repealing the act of 1887. There is no inconsistency between this view and the cases of *People* v. *Wenzel*, 105 Mich. 70; *Sherlock* v. *Stuart*, 96 Mich. 193 (21 L. R. A. 580); *Toledo Ice Co.* v. *Munger*, 124 Mich. 4.

The judgment should be reversed, and the court directed to proceed with the cause.

CARPENTER, McALVAY, GRANT, and MONTGOMERY, JJ., concurred.