143   489
4144  2683
143
145   489
      1472

143   489
148   2335

## MOINET *v.* BURNHAM, STOEPEL & CO.

1. CERTIORARI— QUESTIONS   CONSIDERED — OBJECTIONS — SUFFI-
CIENCY.

On certiorari to review the overruling of a motion to set aside the return of service of a declaration filed as commencement of suit, an objection that the question cannot be considered under Act No. 310, Pub. Acts 1905, because defendant's motion was not a motion to quash the declaration, is an objection merely to the form in which defendant elected to bring the question into this court, and having been first raised by plaintiff's brief, and defendant having been entitled to raise the question by dilatory plea and secure review of an adverse decision in the same manner, the objection will not be considered.

2. COURTS—DECISIONS—STARE DECISIS.

Decisions are not binding authorities as precedents upon propositions which should have been, but were not, considered.

3. CORPORATIONS—SERVICE OF PROCESS—STATUTES.

Section 30, Act No. 232, Pub. Acts 1903, providing for service of process upon "the agent in charge of any business office of such corporation," is not the only authority for the service of process upon a mercantile corporation, but service may be had upon any agent, whether in charge of a business office or not, under section 10468, 3 Comp. Laws. *Goodrich v. Hackley-Phelps-Bonell Co.,* 141 Mich. 343, affirmed.

4. SAME—AGENTS—SERVICE OF PROCESS.

A traveling salesman is an agent of a domestic mercantile corporation, upon whom service of process may be had under section 10468, 3 Comp. Laws.

Certiorari to Clinton; Stone, J. Submitted March 1, 1906. (Docket No. 222.) Decided March 27, 1906.

Assumpsit by Edward J. Moinet, trustee, against Burnham, Stoepel & Company for money had and received. There was an order overruling a motion to set aside a return for want of proper service, and defendant brings certiorari. Affirmed.

*Geer, Williams & Halpin*, for appellant.

*Edwin H. Lyon* and *J. Earle Brown*, for appellee.

CARPENTER, C. J.   Plaintiff is a resident of the county of Clinton.   Defendant is a mercantile corporation, organized under the laws of this State, whose home office is in the city of Detroit.   This suit was commenced by declaration in the circuit court for the county of Clinton.   Service was effected, as shown by the return, by delivering a copy of said declaration, together with a true copy of the notice to appear and plead, "to Albert D. Chamberlain, who was then and there a traveling salesman and agent of said defendant."  Defendant moved to set aside this return, upon the ground that it did not comply with the law.   The trial court made an order overruling this motion. We are asked to review and vacate said order; the proceedings having been brought to this court by writ of certiorari.

The first question for our determination is raised by plaintiff's objection (this objection was made for the first time in plaintiff's brief) that defendant had no right to have this question determined by a writ of certiorari. The validity of this objection depends upon the proper construction of Act No. 310 of the Public Acts of 1905. That act reads:

"Whenever in any action at law in a circuit court, a motion to quash the writ or declaration upon jurisdictional grounds, or the issues raised on a demurrer, plea to the jurisdiction or other dilatory plea shall be decided adversely to the party filing such motion, demurrer or plea, the decision may be reviewed by writ of certiorari forthwith."

If it be true that defendant's motion to vacate the return of service is not a motion to quash the declaration, and therefore not reviewable under the foregoing act, it is also true that, had defendant raised the same question (as it might) by a dilatory plea, the act gave it a right to have an adverse decision reviewed.   In other words, plaintiff's

objection relates only to the form in which defendant elected to bring this question in this court. This objection should have been brought to our attention by a motion to dismiss the writ before defendant went to the expense of preparing for the hearing of the cause, and, not having been so made, we will disregard it. See *Tweddle* v. *Judge of Superior Court of Grand Rapids*, 134 Mich. 237.

Defendant contends that the service made in this case was unauthorized, on the ground that the only provision for service of process on a corporation like defendant, that is, manufacturing and mercantile corporations, organized under Act No. 232 of the Public Acts of 1885, and the acts amendatory thereof, is to be found in section 30 of Act No. 232 of the Public Acts of 1903, and that the only agent upon whom such process can be served is "the agent in charge of any business office of such corporation," as provided in said section. In *Goodrich* v. *Hackley-Phelps-Bonell Co.*, 141 Mich. 343, this court decided that, notwithstanding said provision, process might be served in conformity with section 10468 of the Compiled Laws of 1897, "upon the agent of such corporation," viz., agents who are not, as well as those who are, in charge of the business office of the corporation. Defendant asks us to overrule that decision. It insists that our decision in that case is directly opposed to our decision in *Toledo Ice Co.* v. *Munger*, 124 Mich. 4, and that we must overrule one or the other of these two opposing decisions. The most that can be said of our decision in *Toledo Ice Co.* v. *Munger* is this: That, if this court had there considered and affirmed the proposition decided in the *Hackley Case*, it would have reached a different conclusion. That proposition was not, however, considered. It was not even presented, and decisions are not binding authorities as precedents, upon propositions which should have been, but which were not, considered. *Atwood* v. *Mayor, etc., of Sault Ste. Marie*, 141 Mich. 295; *Duff* v. *Fisher*, 15 Cal. 375. The *Hackley Case* did not therefore overrule

*Toledo Ice Co.* v. *Munger*, and, by reaffirming that decision, we do not overrule it.

The other arguments of defendant in support of its contention do not raise any question not considered by the court in deciding *Goodrich* v. *Hackley-Phelps-Bonell Co.*, supra. We decline to overrule our decision in that case.

It is also urged that the agent upon whom the declaration in this case was served, being only a traveling salesman, is not an agent of the character contemplated by the statute. Section 10468, 3 Comp. Laws. In *Ryerson* v. *Wayne Circuit Judge*, 114 Mich. 352, this court held that a traveling salesman was "an agent of the corporation," within the meaning of Act No. 61 of the Public Acts of 1895, an act providing for service of process on foreign corporations. The only distinction between that case and the case at bar is this: That the statute there involved related to a foreign corporation, while the statute involved here relates to a domestic corporation. We think this distinction of no consequence. The *Ryerson Case* is in point, and is decisive against defendant's contention now under consideration.

We think that service was properly made, and the order overruling the motion to set aside the return is affirmed.

McALVAY, BLAIR, OSTRANDER, and MOORE, JJ., concurred.