RICHARDSON v GENERAL MOTORS CORPORATION

Docket No. 73673. Submitted July 17, 1984, at Lansing.—Decided
November 8, 1984. Leave to appeal applied for.

Percy Richardson lost the industrial use of both legs in a work-
related injury. His employer, General Motors Corporation,
notified him that his workers' compensation benefits were to be
reduced in accordance with a newly enacted coordination of
benefits provision of the Worker's Disability Compensation Act.
Richardson objected and a hearing referee ordered his full
benefits restored. No penalties were assessed. GMC appealed
the decision. The Workers' Compensation Appeal Board af-
firmed the award and assessed penalties against GMC. GMC
appealed by leave granted. *Held:*

1. The statute providing for payment of a penalty by an
employer who delays payment of workers' compensation bene-
fits for more than 30 days requires that the benefits be due and
payable and that there be no ongoing dispute. An award is
considered to be in dispute while review or appeal is pending
and during the time periods permitted for filing a claim for
review or for appeal. The Workers' Compensation Appeal
Board erred in assessing penalties since there was an ongoing
dispute.

2. The Worker's Compensation Appeal Board also made a
qualitative determination of the merits of GMC's defense in
assessing penalties. This is not authorized by the statute autho-
rizing penalties and constitutes error.

Reversed as to the assessment of penalties.

1. COURTS — COURT OF APPEALS — PRECEDENTS.
A decision of any panel of the Court of Appeals is a controlling
precedent statewide as to circuit courts until a contrary deci-
sion is reached by another panel on the identical question or
until the decision is reversed by the Supreme Court.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 183 *et seq.*, 231.
[2, 3] 82 Am Jur 2d, Workmen's Compensation § 658.
Tort liability of worker's compensation insurer for wrongful delay
or refusal to make payments due. 8 ALR4th 902.

2. WORKERS' COMPENSATION — DELAY IN PAYMENT — PENALTIES — STATUTES.

> The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days requires that the benefits be due and payable and that there be no ongoing dispute; an award is considered to be in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or for appeal (MCL 418.801[2]; MSA 17.237[801][2]).

3. WORKERS' COMPENSATION — DELAY IN PAYMENT — PENALTIES.

> The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days does not grant the Workers' Compensation Appeal Board the authority to make a qualitative determination of the merits of a defense for the purpose of assessing a penalty (MCL 418.801[2]; MSA 17.237[801][2]).

*Law Offices of Bernard M. Freid & Associates, P.C.* (by *Debra A. Freid*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *E. Louis Ognisanti, Bruce L. Dalrymple,* and *Scott L. Strattard*), for General Motors Corporation.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and C. W. SIMON,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the Workers' Compensation Appeal Board. The action arises from a work-related injury to plaintiff where he lost the industrial use of his legs as a result of the accident and is considered totally and permanently disabled.

This dispute arose when defendant notified plaintiff in April of 1982 that his weekly compensation benefits were to be reduced under the newly enacted coordination provisions of MCL 418.354; MSA 17.237(354). Plaintiff disputed this reduction

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and his full benefits were ordered restored by a hearing referee in September of 1982; however, no penalties were assessed. Defendant filed for review in November of 1982 and filed a motion to stay the payments in December of 1982. In August the WCAB affirmed the decision that defendant's coordination of benefits was improper and that plaintiff was entitled to his full benefits. Additionally, the WCAB ordered defendant to pay penalties in the amount of $1,500 for the failure to pay full benefits before April 20, 1982, and $50 a day for each day in excess of 30 days that it failed to pay plaintiff his full amount owed.

On appeal, defendant acknowledges the improper coordination of benefits and is only concerned with the penalties imposed. Defendant alleges that the penalties were improper because there was an ongoing dispute that the multiple penalties are a constitutional violation and that the WCAB had no jurisdiction to decide and raise the applicability of the penalty provisions.

The penalties were assessed under MCL 418.801(2); MSA 17.237(801)(2), which provides that:

"(2) If weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance are not paid within 30 days after becoming due and payable in cases where there is not an ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the benefits, medical bills, or travel allowance are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection."

We agree with defendant's contention that the penalties were improper because there was an ongoing dispute. The WCAB is bound by this Court's decisions until a contrary result is reached by another panel of this Court or the Supreme

Court takes other action. *Hackett v Ferndale City Clerk,* 1 Mich App 6; 133 NW2d 221 (1965).

This Court has repeatedly held that "[a]n award is to be considered in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or of appeal". *Charpentier v Canteen Corp,* 105 Mich App 700, 705; 307 NW2d 704 (1981), and *DeKind v Gale Manufacturing Co,* 125 Mich App 598, 608; 337 NW2d 252 (1983), *lv den* 418 Mich 852 (1983). Our thorough review of the record reveals that there was an ongoing dispute for all time periods for which defendant was penalized.

Additionally, the WCAB made a qualitative determination of the merits of a defense for the purpose of assessing a penalty, which is clearly contrary to Michigan law. *Couture v General Motors Corp,* 125 Mich App 174; 335 NW2d 668 (1983), *lv den* 418 Mich 884 (1983).

We find that the WCAB was clearly in error in assessing penalties against defendant because there was an ongoing dispute. Accordingly, we reverse the WCAB on the issue of penalties and defendant is not assessed any penalties.

Resolution of the foregoing issue being dispositive, defendant's remaining allegations of error are rendered moot.

Reversed. Costs to defendant.