PEOPLE v TUCKER

Docket No. 110080. Submitted March 23, 1989, at Lansing. Decided
May 15, 1989. Leave to appeal applied for.

Defendant, Ronald Tucker, pled guilty in the Oakland Circuit
Court to operating a vehicle while under the influence of
intoxicating liquor and to being an habitual offender, fourth
offense. The trial court, Jessica R. Cooper, J., sentenced defen-
dant to three to five years imprisonment on the OUIL convic-
tion, vacated the sentence, and then sentenced defendant to
three to fifteen years imprisonment on the habitual offender
conviction. Defendant then moved to withdraw his guilty pleas.
The trial court entered an order granting the motion to set
aside the guilty plea on the habitual offender charge and
denying the motion to set aside the plea on the OUIL charge.
Defendant was then resentenced on the OUIL conviction to 1½
to 5 years imprisonment. The people appealed alleging, con-
trary to the trial court's determination, that the OUIL-third
offense conviction, which by statute is treated as a felony
rather than a misdemeanor, may serve as the underlying
felony for the habitual offender charge.

The Court of Appeals held:

1. The habitual offender enhancement provision and the
Vehicle Code's enhancement provision address separate con-
cerns. The general habitual offender enhancement provision
conflicts with the specific Vehicle Code enhancement provision
regarding OUIL-third offense, thus, the Vehicle Code provision
prevails as an exception to the general one. Defendant may not
be sentenced under both sentence enhancement statutes.

2. Both the purpose and the scheme of the OUIL-third offense
statute evidence a legislative intent to treat the OUIL separately
and preclude habitual offender enhancement. Since the OUIL-
third offense statute has already enhanced the punishment due

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 117; Habitual
Criminals and Subsequent Offenders §§ 14-16; Statutes §§ 196 et
seq., 257.

Validity and construction of statute or ordinance mandating impris-
onment for habitual or repeated traffic offender. 2 ALR4th 618.

the defendant, from a misdemeanor to a felony, further enhancement is not appropriate.

Affirmed.

1. CRIMINAL LAW — HABITUAL OFFENDERS — MOTOR VEHICLES — INTOXICATING LIQUORS — SENTENCE ENHANCEMENT.

A conviction of operating a vehicle while under the influence of intoxicating liquor, third offense, which by statute is treated as a felony rather than a misdemeanor, may not serve as the underlying felony for an habitual offender charge (MCL 257.625[6], 769.12; MSA 9.2325[6], 28.1084).

2. STATUTES — CONFLICT OF LAWS.

A specific statute prevails as an exception to a general statute where the specific statute conflicts with the general statute.

3. STATUTES — JUDICIAL CONSTRUCTION.

The purpose to be accomplished by a statute is relevant when a court must construe the statute; once legislative intent is discerned, it must be given effect, even if doing so might appear to conflict with the letter of the statute.

4. CRIMINAL LAW — MOTOR VEHICLES — INTOXICATING LIQUORS — SENTENCE ENHANCEMENT.

Both the purpose and the scheme of the statute regarding operating a vehicle while under the influence of intoxicating liquor, third offense, evidence a legislative intent to treat the OUIL separately and preclude further enhancement of the punishment by use of the habitual offender statute.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant.

Before: MACKENZIE, P.J., and HOOD and GRIBBS, JJ.

HOOD, J. The prosecutor appeals as of right from the trial court's grant of defendant's motion to set aside his guilty plea to a charge of being an

habitual offender, fourth offense. The prosecutor here raises an issue of first impression: Can a conviction of operating a vehicle while under the influence of intoxicating liquor, third offense—which by statute is treated as a felony rather than a misdemeanor—also serve as the underlying felony for an habitual offender charge. We agree with the trial court that it cannot.

Defendant originally pled guilty to OUIL, third offense, MCL 257.625(6); MSA 9.2325(6), and habitual offender, fourth offense, MCL 769.12; MSA 28.1084. The prior felonies were procurement of a controlled substance and two convictions for larceny in a building. His sentence of three to five years in prison for the OUIL conviction was vacated and he was sentenced to three to fifteen years in prison on the habitual offender conviction. As a fourth offender, he could have been sentenced to life. Appellate counsel for defendant filed a motion to withdraw the pleas on a number of grounds. Counsel argued that defendant's constitutional rights were violated because the OUIL penalty—normally a ninety-day misdemeanor—was enhanced to a felony by statute because it was a third offense and then enhanced again by application of the habitual offender supplement.

The trial judge granted defendant's motion and dismissed the habitual offender charge. Defendant was resentenced to 1½ to 5 years in prison on the OUIL conviction.

Under the Vehicle Code, a person convicted of operating a vehicle while under the influence of intoxicating liquor is guilty of a misdemeanor punishable by imprisonment of not more than ninety days or a fine. MCL 257.625(1) and (4); MSA 9.2325(1) and (4). Under subsection (5) of § 625, a second conviction within seven years increases the fine and the possible prison term to not more than

a year. Subsection (6) of § 625 provides that if there is a third offense within ten years the person is guilty of a felony:

> A person who violates subsection (1) or (2) or a local ordinance substantially corresponding to subsection (1) or (2) within 10 years of 2 or more prior convictions, as defined in subsection (5), is guilty of a felony. As part of the sentence, the court shall order the secretary of state to revoke the operator's or chauffeur's license of the person.

Section 902 of the Vehicle Code provides its own penalty for a felony: imprisonment of one to five years or a specified fine. MCL 257.902; MSA 9.2602.

The habitual offender statute, fourth offender, contained in the Code of Criminal Procedure, provides for enhanced punishment if "a person has been convicted of 3 or more felonies . . . and that person commits a subsequent felony within this state . . . ." MCL 769.12; MSA 28.1084.

While defendant raised his claim as a constitutional one of double jeopardy, similar claims challenging the application of the habitual offender statute have been resolved as statutory interpretation issues. If the statutes are both viewed as enhancement provisions, application of both is not permissible. See *People v Thornsbury,* 148 Mich App 92, 96-98; 384 NW2d 88 (1985).

There are basically two approaches to the question before this Court.

The first, which supports the prosecutor's position, is that all the Court has to do is read and apply the plain meaning of the statutes. If the Legislature meant to exclude the OUIL felony from habitual offender enhancement it could have done so.

Under the plain meaning rule, if the language used by the Legislature is clear and unambiguous, no judicial interpretation of the statute is permitted. *Wymer v Holmes,* 429 Mich 66, 76; 412 NW2d 213 (1987). Applying this rule to our case, the habitual offender statute clearly provides for enhancement upon conviction for a subsequent felony, any felony. The information here clearly indicates that defendant was charged with a felony as defined under the Vehicle Code and, therefore, the habitual offender supplement is appropriate.

Furthermore, as argued by the prosecutor, this result is bolstered by the doctrine of *expressio unius est exclusio alterius* (expression of one thing is the exclusion of another). In other words, since the habitual offender statutes specifically express an intent to exclude their application only when a major controlled substances offense is involved, the Legislature must have meant to include (exclude from exclusion) any other felony.

This theory has been used in other habitual offender cases, primarily involving crimes which could only be committed by a convicted felon, such as prison escape or assault on a prison guard. In these cases, the Court allowed the sentence imposed for that crime to be supplemented under the habitual offender statute. The language governing these cases first appears in *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958): "Since the legislature did not except escaping prison from our second offender statute we can only infer that it intended the latter statute to apply to *all* felonies." See also *People v Staples,* 100 Mich App 19, 23; 299 NW2d 1 (1980) (prison escape statute and habitual offender statute); *People v Baskin,* 145 Mich App 526, 539-541; 378 NW2d 535 (1985) (conviction for assault on prison guard and habitual offender enhancement).

If we were to apply this line of reasoning to the OUIL statute, then habitual offender enhancement is clearly available and the habitual offender charge should not have been dismissed since the habitual offender statute clearly applies to all felonies and since it does not specifically exclude the OUIL felony. However, we find the second approach to be the better and more persuasive resolution of this issue.

The second approach views the Vehicle Code as addressing a separate concern, OUIL convictions, and determining that an appropriate penalty for a third OUIL conviction is to enhance the OUIL misdemeanor to a felony with an increased prison term and fine and loss of driver's license. The habitual offender enhancement provision conflicts with the Vehicle Code enhancement provision. Where a specific statute conflicts with a general statute, enforcement of the specific one—in this case the Vehicle Code—is preferred.

The general rule of statutory construction that applies here is that if two statutes appear to be in conflict the specific statute prevails as an exception to the general one. *Wayne Co Prosecutor v Wayne Circuit Judge,* 154 Mich App 216, 221; 397 NW2d 274 (1986). The Legislature is not to be presumed to have intended a conflict. *Id.* This specific-general rule was applied in *People v Edmonds,* 93 Mich App 129, 135; 285 NW2d 802 (1979), in finding that a defendant could not be sentenced both as an habitual offender and under the sentence augmentation provisions of the controlled substances act. In general, the motor vehicle sentencing provisions are specific terms that control more general sentencing provisions of the Code of Criminal Procedure. *Wayne Co Prosecutor, supra.*

Our habitual offender enhancement cases have

mentioned the specific-general rule, but none have found that a conflict existed so that the habitual offender enhancement was precluded. E.g., *People v VanderMel,* 156 Mich App 231, 234-235; 401 NW2d 285 (1986); *People v Voss,* 133 Mich App 73, 78; 348 NW2d 37 (1984).

Two cases from other jurisdictions were found which applied this rule in situations similar to ours. Both cases found that application of a specific enhancement provision for subsequent driving while intoxicated convictions precluded operation of a general, habitual offender enhancement provision.

The case factually closest to ours was decided by the Supreme Court of Arkansas. In *Lawson v State,* 295 Ark 37; 746 SW2d 544 (1988), defendant was convicted of driving while intoxicated. At the time of trial, defendant had three prior DWI offenses within three years. The Arkansas DWI enhancement statute provided for a prison term of one to six years and, as in Michigan's statute, provided that defendant "shall be guilty of a felony." Arkansas's habitual offender statute, like Michigan's, provided for an enhanced prison term if the defendant had been previously "convicted" of "a felony." Defendant had at least four prior convictions not related to DWI at the time of trial. He was sentenced as an habitual offender to a prison term of eight to twelve years. The DWI statute would have imposed a prison term of one to six years. As in Michigan, the prior DWI offenses were misdemeanors.

The Arkansas court found that the statutes could not be stacked because the DWI statute, as a special act, excluded operation of a general act on the same subject, sentence enhancement.[1] Simi-

---

[1] See, also, *Carroll v Solem,* 424 NW2d 155 (SD, 1988).

larly, the Nebraska Supreme Court refused to apply both its habitual offender statute and an OUIL statute which provided for a harsher prison term for third or subsequent offenses. *State v Chapman,* 205 Neb 368; 287 NW2d 697 (1980).[2] The court recognized that the weight of authority is against the "double penalty enhancement" which would result if both the specific offense statute and the habitual offender statute are applied.

In both *Chapman* and *Lawson,* it was significant that the motor vehicle crimes became felonies solely by virtue of the fact that the act was repeated. In condemning further enhancement of this type of felony, *Lawson* relied in part on the American Bar Association Standards for Criminal Justice which condemn using a repeated misdemeanor as a predicate felony for habitual offender enhancement. The ABA condemns the practice as not contributing to the establishment of a "bright-line" standard which would distinguish the dangerous offender. 295 Ark 42. *Chapman* also noted a separate ABA standard that condemned the enhancement of a felony term on the basis of prior misdemeanors on the rationale that misdemeanors by nature do not threaten the security of the public to the same extent as felonies. 205 Neb 371. This need to distinguish the dangerous offender echoes the purpose of our habitual offender statutes which is to punish incorrigible criminals, the professional criminal and the hard-core recidivist who does not reform his or her ways. *People v*

---

[2] While not controlling, it should be noted that this Court in *Thornsbury,* 148 Mich App at 97, recognized *Chapman* as a case involving two sentence enhancement statutes. Defendant in *Thornsbury* had tried to use *Chapman* to argue he was doubly punished when the prosecutor chose to charge the felony of larceny in a building instead of the misdemeanor of shoplifting and then also filed an habitual offender supplement. However, that Court found *Chapman* inapposite because only one sentence enhancement statute was applied to Thornsbury.

*Stoudemire,* 429 Mich 262, 266; 414 NW2d 693 (1987); *People v Jones,* 171 Mich App 720, 726; 431 NW2d 204 (1988).

The purpose to be accomplished by a statute is relevant when a court must construe the statute. *Stoudemire,* 429 Mich at 266; *People v Honeycutt,* 163 Mich App 757, 761; 415 NW2d 12 (1987). Here, we are being asked to construe whether the term "felony" in the habitual offender statute was meant to encompass the felony here: one defined under a separate legislative program and an act which became a felony only by virtue of repetition. "Once legislative intent is discerned, it must be given effect, even if doing so might appear to conflict with the letter of the statute." *Stoudemire,* 429 Mich at 266.

The Vehicle Code does not have a stated purpose. The OUIL statute itself evidences an intent to keep people who operate vehicles while intoxicated off the highways by imposing prison terms, fines and the suspension or revocation of the operator's license. MCL 257.625; MSA 9.2325. By doing so, the statute apparently seeks to reduce the carnage on the highways for which intoxicated persons are responsible. *Wolney v Secretary of State,* 77 Mich App 61, 68-69; 257 NW2d 754 (1977). Where a driver has not responded to prior misdemeanor punishments, the prison term accompanying the enhanced OUIL felony conviction may be the impetus needed to effect change. *People v Haker,* 158 Mich App 570, 577-578; 405 NW2d 204 (1987).

Also relevant is the statutory scheme of the Vehicle Code and whether the application of habitual offender enhancement would somehow defeat the Legislature's intent in establishing the OUIL scheme of punishment. *Honeycutt,* 163 Mich App at 760. The increasing punishments for subsequent OUIL convictions are all contained in one statute,

arguably indicating the increased nature of the punishments intended by the Legislature. The penalties for OUIL convictions include not only fines and jail terms, but also suspension or revocation of the driver's license, arguably indicating a focus on the particular offense of impaired driving rather than criminal conduct. The OUIL punishments appear in the Vehicle Code, not in the Penal Code. The Penal Code deals separately with the more serious results that could arise from drunk driving, i.e., manslaughter due to operation of a vehicle, MCL 750.325; MSA 28.557.

Given the separate purpose and punishment provided for OUIL, there is a real question whether the Legislature intended to expose defendant to possible life imprisonment for a third OUIL offense. Not to minimize the severity of drunk driving, it would not appear that the Legislature intended to punish the drunk driver with the same prison term as the hard-core, recidivist felon. We find, therefore, that both the purpose and the scheme of the OUIL statute evidence a legislative intent to treat the OUIL separately and preclude habitual offender enhancement.

The OUIL statute enhances the penalty applicable to the incorrigible drunk driver. That is a specific goal separate from the habitual offender statute's general goal of punishing incorrigible, repeat felons. Since the OUIL statute has already enhanced the punishment due defendant, further enhancement is not appropriate. The trial court did not err in dismissing the habitual offender charge.

Affirmed.