PEOPLE v HOWE

Docket No. 146551. Submitted November 17, 1992, at Lansing. Decided June 21, 1993, at 9:05 A.M. Leave to appeal sought.

Boyd M. Howe was charged in the Genesee Circuit Court with first-degree criminal sexual conduct. The defendant moved to dismiss the charge or to suppress the use of any information gained from the records of a psychologist who had examined him at defense counsel's request, for therapeutic purposes, but not for a determination regarding his sanity. After arraignment and preliminary examination, the defendant had filed a notice of insanity defense in accordance with MCL 768.20a; MSA 28.1043(1), and had been examined at the Center for Forensic Psychiatry. The defendant had then filed a notice to secure an independent examination by a psychiatrist to evaluate his sanity for purposes of trial. The defendant did not refer to the psychologist in his notices, only the psychiatrist. The prosecution had then issued a subpoena seeking the defendant's medical records from the psychologist. The Genesee Circuit Court, Earl E. Borradaile, J., denied the defendant's motion, finding that although the methods used by the prosecution in obtaining the psychologist's records were improper, suppression was not required because the records were discoverable pursuant to MCL 768.20a; MSA 28.1043(1). The defendant appealed by leave granted.

The Court of Appeals *held*:

1. The records sought from the psychologist were not discoverable under MCL 768.20a; MSA 28.1043(1). The psychologist is not an "independent evaluator" referred to in the statute. The report that must be submitted under the statute is the evaluation of the defendant's sanity by a clinician of the defendant's choice. The statute does not require the submission of information from every psychiatrist or psychologist who has examined or counseled the defendant.

2. The trial court should have granted the motion to suppress

REFERENCES

Am Jur 2d, Criminal Law § 79; Depositions and Discovery §§ 403, 466.
See ALR Index under Criminal Law; Discovery; Incompetent and Insane Persons; Physical and Mental Examinations.

because the prosecution claimed to proceed under MCL 768.20a; MSA 28.1043(1) and obtained information that was not discoverable under that statute.

Reversed and remanded.

TAYLOR, P.J., concurring in part and dissenting in part, stated that although the prosecution's acquisition of the disputed evidence was procedurally improper, the evidence was admissible under MCL 768.20a(6); MSA 28.1043(1)(6). Because the fundamental purpose of a criminal trial is the fair ascertainment of the truth, a defendant is not entitled to raise the issue of insanity, shop for an expert witness to evaluate his sanity, and then bar the prosecution from using the results of that evaluation.

CRIMINAL LAW — DEFENSES — INSANITY — PSYCHIATRIC REPORTS —
PSYCHOLOGIST-PATIENT PRIVILEGE.

The prosecution is entitled to receive the report of the clinician a defendant chooses to conduct an independent psychiatric evaluation of the defendant's sanity at the time of the commission of an alleged offense; the prosecution is not entitled to receive information from every psychiatrist or psychologist who has ever examined or counseled the defendant (MCL 333.18237, 768.20a; MSA 14.15[18237], 28.1043[1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A Kuebler,* Chief, Appellate Division, for the people.

*Barney R. Whitesman,* for the defendant.

Before: TAYLOR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

SHEPHERD, J. Defendant appeals by leave granted from the denial of his motion to quash a subpoena and dismiss a charge of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant argues that the prosecutor improperly issued a defective subpoena to defendant's therapist, who produced defendant's medical records to the prosecutor.

Defendant allegedly raped his sixteen-year-old

girl friend and then threatened to kill himself, but the girl friend talked him out of it. After his arrest, his retained defense attorney referred him to Dr. Chase, a psychologist, for therapeutic purposes (defendant was suicidal), but not for a determination of defendant's sanity.

After his arraignment and preliminary examination, defendant filed his notice of insanity defense on February 1, 1991, in accordance with MCL 768.20a; MSA 28.1043(1). On June 17, 1991, defendant was examined at the Center for Forensic Psychiatry by Dr. Lemmen. On July 16, 1991, defendant filed his notice to secure an independent examination by Dr. Dixon, a psychiatrist, to evaluate his sanity for purposes of trial. Defendant did not reference Dr. Chase on the notice of insanity defense, only Dr. Dixon.

On September 5, 1991, the prosecutor subpoenaed Dr. Chase, seeking defendant's medical records including all notes, reports, and any other writings pertaining to defendant's treatment and examination. Dr. Chase indicated to the police officer serving the subpoena that his contact with defendant was for therapeutic purposes and not for purposes of trial. Dr. Chase would not have provided the documents but for the subpoena. When the subpoena was served, defendant's attorney was on vacation. When he returned, he objected to the subpoena and moved to suppress it and the use of any information resulting from it.

On November 8, 1991, defendant moved to dismiss the charges or suppress the use of any information gained from the records. Defendant argued that Dr. Chase was not listed on his notice of insanity defense and that the information in the reports was inadmissible under the psychologist-client and attorney-client privileges unless he waived them. The court criticized the prosecutor's

method of procuring the information, but determined that the information was discoverable and admissible because defendant filed a claim of insanity defense.

The trial court acknowledged that the methods used by the prosecutor in obtaining the records were improper. The prosecutor unilaterally issued a subpoena without giving notice to opposing counsel and obtained the records before counsel had an opportunity to move to quash the subpoena. The trial court indicated that because the material subpoenaed would have been discoverable anyway, the improperly obtained documents would not be suppressed. We do not address the propriety of the prosecutor's actions given our holding that the documents were not discoverable under the statute relied upon by the prosecutor and the trial court.

MCL 768.20a; MSA 28.1043(1) provides in relevant part:

> (3) The defendant may, at his or her own expense, or if indigent, at the expense of the county, secure an independent psychiatric evaluation by a clinician of his or her choice on the issue of his or her insanity at the time the alleged offense was committed. The defendant shall notify the prosecuting attorney at least 5 days before the day scheduled for the independent evaluation that he or she intends to secure such an evaluation. The prosecuting attorney may similarly obtain independent psychiatric evaluation. A clinician secured by an indigent defendant shall be entitled to receive a reasonable fee as approved by the court.
>
> * * *
>
> (6) Upon conclusion of the examination, the center for forensic psychiatry or the other qualified personnel, and any independent examiner, shall prepare a written report and shall submit the report to the prosecuting attorney and defense counsel.

This is the statute upon which the court and the prosecutor relied for the argument that no harm was done by obtaining the documents improperly because, in any event, the material was discoverable under this statute. If the material is not discoverable under this statute, there would have to be some other basis for allowing the discovery to go forward given the psychologist-patient privilege established in MCL 333.18237; MSA 14.15(18237). That statute gives a general unqualified privilege with regard to confidential information acquired from an individual consulting a psychologist in a professional capacity that is necessary to enable the psychologist to render services.

Defendant claims, and it is not controverted, that Dr. Chase was engaged by defense counsel immediately after counsel was retained because defendant appeared to be suicidal. The question to be addressed is whether Dr. Chase qualifies as an independent evaluator for purposes of MCL 768.20a; MSA 28.1043(1).

Subsection 3 of the statute, MCL 768.20a(3); MSA 28.1043(1)(3), provides that a defendant may, at personal expense, or if indigent, at the expense of the county, secure an independent evaluation of the defendant's sanity by a clinician of the defendant's own choice. Subsection 6, MCL 768.20a(6); MSA 28.1043(1)(6), provides that at the conclusion of this evaluation, the Center for Forensic Psychiatry, other qualified personnel, and the independent examiner shall prepare a report that shall be submitted to the prosecuting attorney and defense counsel. We conclude that it is this report that must be submitted under the statute and not information from every psychiatrist or psychologist with whom a defendant has consulted or received psychiatric or psychological counseling. Subsection 6 in referring to "the examination" can

only be making reference to the examination that took place under subsection 3. That examination is one that the defendant or the prosecutor may seek with regard to the insanity issue. If the examination is sought by the defendant, under subsection 3 the county must pay for it if the defendant is indigent. It can hardly be argued that the county is required to pay for general psychiatric counseling for a defendant during the pendency of a case where the defendant or his counsel believes that the defendant requires treatment because he is suicidal. From this we conclude that the only kind of evidence that is discoverable under the statute is the kind of evidence for which the county would have to pay if the defendant were indigent. In short, the statute provides for a specific type of examination for a specific reason and it is only evidence from that examination that is discoverable under the statute.

The prosecutor relies upon *People v Sorna,* 88 Mich App 351; 276 NW2d 892 (1979), for the proposition that the information subpoenaed in this case was discoverable under the statute. Reliance on *Sorna* is misplaced. In *Sorna,* both the defendant and the prosecutor complied with the statute by obtaining an order of the court for an independent psychiatrist to evaluate the defendant's sanity. Later, after the defendant was convicted, he challenged the constitutionality of the statute with which he had previously complied. *Sorna* holds that the statute is constitutional. *Sorna* does not address whether documents from a treating psychologist, as opposed to an independent examiner appointed under the statute to render a report regarding the defendant's sanity, are discoverable.

Because the prosecutor claimed to proceed under the statute and obtained information that was not

discoverable thereunder, the trial court should have granted the motion to suppress. The prosecutor and the trial court have not argued or held that there is a broad general discovery provision under which this information could have been received and we need not rule on that issue. On remand, the prosecutor may seek discovery by following proper procedure under provisions of law contained in cases, statutes, or court rules other than the statute in question here, as long as lawful means are employed and proper notice is given to defendant to enable him to raise objections before the court in advance of trial. In any event, the trial court must proceed on the assumption that the information is not discoverable under the statute in question in this case.

Reversed and remanded for further proceedings consistent with this opinion.

MARILYN KELLY, J., concurred.

TAYLOR, P.J. *(concurring in part and dissenting in part).* I agree with the majority that the prosecution's acquisition of the disputed evidence was procedurally improper.

However, I disagree with the majority that the evidence thus obtained is not admissible under MCL 768.20a(6); MSA 28.1043(1)(6).

The subsection at issue states in relevant part as follows:

> (6) Upon conclusion of the examination, the center for forensic psychiatry or the other qualified personnel, *and any independent examiner,* shall prepare a written report and shall submit the report to the prosecuting attorney and defense counsel. [Emphasis supplied.]

As a specific statute dealing with a limited and

narrowly circumscribed topic, § 20a(4)-(6) prevails over the generally applicable psychologist-patient privilege, MCL 333.18237; MSA 14.15(18237), *People v Tucker,* 177 Mich App 174, 179; 441 NW2d 59 (1989), and operates in derogation of the common law, such as the common-law doctrine of the attorney-client privilege. The phrase "and any independent examiner" in § 20a(6) is broad and by the use of the words "and" and "any" plainly refers to more than "forensic center" or "other qualified" personnel. Otherwise, the Legislature would have used the word "or" to specifically denote an examiner serving in lieu of the forensic center personnel. Further, § 20a(3) refers to the independent insanity defense expert retained by a defendant as a "clinician" who performs an "independent psychiatric evaluation" in contradistinction to the use of "and any independent examiner" in § 20a(6).

Case law supports this reading of § 20a. In *People v Sorna,* 88 Mich App 351; 276 NW2d 892 (1979), the defendant interposed a defense of insanity and petitioned for and obtained appointment of an independent psychiatrist to evaluate his sanity under § 20a. The prosecution obtained its own evaluation and moved to obtain the reports of the defendant's psychiatrist. The trial court ordered "the defendant to furnish to the prosecution any written psychiatric report prepared by the defense psychiatrist." *Id.* at 355. On appeal, the defendant argued that § 20a "requiring submission to the prosecutor of any independent psychiatric report prepared for the defense violates the attorney-client privilege." *Id.* at 356.

This Court disagreed, reasoning:

First, MCL 768.20a; MSA 28.1043(1) specifically authorized the exchange of psychiatric reports

which occurred in the case at bar. The limitations on their use contained in the statute reflect the Legislature's intent to facilitate a complete exploration of the mental state of the defendant in the interest of public justice and yet avoid the violation of attorney-client privilege criticized in [*People v Hilliker,* 29 Mich App 543; 185 NW2d 831 (1971)]. . . .

Secondly, the common-law attorney-client privilege is not immune from development by case law or modification by statute. Nor do any constitutional impediments appear to exist to prevent the Legislature from either providing for a specific exemption in cases where the defendant's insanity is in issue or to so limit the use of psychiatric reports so as to avoid the issue of privilege. Under either view of the statute, it is obvious that the Legislature, in permitting the limited use of psychiatric reports, struck a balance between any possible prejudice to the defendant and the strong "interest of the State in accurate fact-finding by its courts." . . .

Defendant stresses a variety of tactical disadvantages which may result if he is required to furnish the report of "any independent examiner" to the prosecution, including chilling of defendant-psychiatrist communication and discouragement of defense counsel exploration of the insanity issue by gathering a variety of medical opinions. This position ignores the fundamental purpose of a criminal trial: the fair ascertainment of the truth. *People v Johnson,* 356 Mich 619, 621; 97 NW2d 739 (1959); *People v Aldridge,* 47 Mich App 639, 646; 209 NW2d 796 (1973). A necessary concomitant of this goal is a reasonable balancing of advantages and a lessening of a vehemently adversary climate at trial. We view MCL 768.20a; MSA 28.1043(1) as a legislative encouragement of this purpose. [*Sorna, supra* at 357-358. Citations omitted.]

I would adopt the broad reading of the statute described by the *Sorna* Court to hold that § 20a(6)

allows the prosecutor to obtain reports like that of Dr. Chase. Although defendant is entitled to a defense, I do not believe that as a general proposition a defendant is entitled to shop for an expert witness to plumb the crucial condition of his sanity—a condition defendant himself placed at issue —and then to bar the prosecution from using the rejected fruits of such a shopping spree. To construe the statute to allow such a bar impedes the ascertainment of the truth. Given the cogency of a reading of the statute that will allow a full inquiry into the issue of sanity, it can be hoped that our Supreme Court will soon address itself to this issue.