PEOPLE v DOYLE

Docket No. 148686. Submitted August 4, 1993, at Lansing. Decided January 18, 1994, at 9:35 A.M. Leave to appeal sought.

Michael R. Doyle was charged in the Oakland Circuit Court with operating a motor vehicle while under the influence of intoxicating liquor, third offense, and was charged supplementally with being an habitual offender, second offense. The court, Hilda R. Gage, J., dismissed the habitual offender charge, ruling that although the Supreme Court in *People v Bewersdorf,* 438 Mich 55 (1991), held that the habitual offender act is fully applicable to third and subsequent OUIL convictions, that decision came after the offense in this case and application of that holding to this case would violate the federal and state constitutions. The court determined instead that this case is controlled by *People v Tucker,* 177 Mich App 174 (1989), in which the Court of Appeals decided that a conviction of OUIL, third offense, could not serve as the underlying felony for an habitual offender charge. The defendant subsequently pleaded guilty of OUIL, third offense. The prosecution appealed the dismissal of the habitual offender charge.

The Court of Appeals *held:*

The due process and ex post facto provisions of the United States and Michigan Constitutions bar the retroactive application of judicial decisions that have the effect of enhancing the possible penalty for a crime after the commission of the crime. The application of *Bewersdorf* to this case would violate that prohibition.

Affirmed.

REILLY, J., dissenting, stated that the Court of Appeals decisions in *Tucker* and *Bewersdorf* predated Administrative Order No. 1990-6, effective November 1, 1990, and therefore were controlling precedent only until a contrary result was reached by another panel of the Court of Appeals or the Supreme Court. Because those decisions could have been overturned in

REFERENCES

Am Jur 2d, Constitutional Law §§ 634, 641-644.
See ALR Index under Ex Post Facto Laws; Retrospective Operation and Laws.

such fashion, the defendant could not rely on them and was not faced with an ex post facto application of a sentence he could not have anticipated when he committed the OUIL offense.

AUTOMOBILES — DRIVING UNDER THE INFLUENCE OF INTOXICATING
    LIQUOR — SENTENCE ENHANCEMENT — MOTOR VEHICLE CODE —
    HABITUAL OFFENDERS.
    *People v Bewersdorf,* 438 Mich 55 (1991), in which it was decided
    that the habitual offender act is fully applicable to third and
    subsequent convictions of operating a motor vehicle while
    under the influence of intoxicating liquor, applies only to cases
    where the offense was committed after the August 22, 1991,
    decision date of *Bewersdorf* (MCL 257.625[6], 769.10; MSA
    9.2325[6], 28.1082).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Zawideh & Green* (by *Robert S. Zawideh*), for the defendant on appeal.

Before: MARILYN KELLY, P.J., and REILLY and D. C. KOLENDA,* JJ.

D. C. KOLENDA, J. On June 26, 1991, defendant was arrested and charged with having, on that date, operated a motor vehicle while under the influence of intoxicating liquor, third offense. MCL 257.625(6); MSA 9.2325(6). He was also charged with being a second-felony offender. MCL 769.10; MSA 28.1082. The effect of that latter charge was to increase the maximum possible penalty for the OUIL, third offense, from 5 years' imprisonment to 7½ years' imprisonment.

On October 8, 1991, defendant filed a motion to quash the supplemental information, contending that continued pursuit of it would constitute an

* Circuit judge, sitting on the Court of Appeals by assignment.

inappropriate retroactive application of a sentence-enhancing change in the law. On August 22, 1991, the Supreme Court had announced in *People v Bewersdorf,* 438 Mich 55; 475 NW2d 231 (1991), that the habitual offender act was fully applicable to third and subsequent OUIL convictions. Defendant argued that *Bewersdorf* could not properly be applied to his case because, on the date of his offense, the law had been to the contrary. On May 15, 1989, in *People v Tucker,* 177 Mich App 174; 441 NW2d 59 (1989), this Court had held that a conviction of OUIL-third could not serve as the underlying felony for an habitual offender charge. The trial court agreed with defendant and dismissed the supplemental information. He then pleaded guilty and was given a prison term of two to five years. The prosecution appealed.

We affirm because the due process provisions of the United States Constitution and the Michigan Constitution bar the retroactive application of judicial decisions that have the effect of enhancing the possible penalty for a criminal conviction. While the Ex Post Facto Clauses of those constitutions do not apply directly to the judiciary, they are applicable by analogy through the Due Process Clauses. *People v Potts,* 436 Mich 295, 300; 461 NW2d 647 (1990). In other words, the courts cannot do by their decisions what the Congress and the state legislatures cannot do by statute. Among other things, a court cannot by judicial construction increase the authorized penalty for a crime after the fact. *People v Stevenson,* 416 Mich 383, 396-397; 331 NW2d 143 (1982). Because that is precisely what the application of *Bewersdorf* to this case would do, that case cannot be applied to this one.

We fully appreciate that the Supreme Court did itself apply *Bewersdorf* retroactively. That Court

applied its decision to both defendants in that case, even though their alleged drunken driving obviously predated the decision. Nonetheless, we are not only free, but obligated, to decide this case as we do. There is nothing in the *Bewersdorf* opinions that says that the Supreme Court considered the constitutional issue before this Court. Accordingly, that Court's retroactive application of its decision does not constitute precedent for the proposition that such an application does not violate due process. Given the incremental nature of judicial decision making, it has long been recognized that an opinion is not precedent for issues neither raised nor considered. *Moinet v Burnham, Stoepel & Co,* 143 Mich 489, 491; 106 NW 1126 (1906). Accordingly, being free to do so, and having determined that both the federal and this state's constitutions bar the application of *Bewersdorf* to this case, our obligation to obey those constitutions dictates our decision.

We are not persuaded by the prosecution's argument that due process considerations are not implicated in this case because *Bewersdorf* does not constitute a change in the law. The prosecution argues that the Supreme Court merely discarded a clearly erroneous interpretation by this Court of the habitual offender act, meaning that that act as implemented in *Bewersdorf* has been the law since before the initiation of this case. Because we reject that premise, we reject the prosecution's argument. Because "[a] new decision that explicitly overrules an earlier holding obviously 'breaks new ground' or 'imposes a new obligation,' " *Butler v McKellar,* 494 US 407, 412; 110 S Ct 1212; 108 L Ed 2d 347 (1990), quoting *Penry v Lynaugh,* 492 US 302, 314; 109 S Ct 2934; 106 L Ed 2d 256 (1989), it is unrealistic to say that *Bewersdorf* did not change the law. We also reject the prosecu-

tion's argument because its acceptance would undermine the rule of law in this state. A decision by any panel of this Court is controlling precedent statewide until changed. *Richardson v General Motors Corp,* 139 Mich App 727; 363 NW2d 22 (1984); Administrative Order No. 1990-6. To accept the prosecution's argument as a basis for retroactive application of *Bewersdorf* would ignore that fundamental principle. Because *Tucker* was not modified or changed until it was reversed by the Supreme Court in *Bewersdorf,* the *Tucker* decision was the law when defendant committed the drunken driving offense on June 26, 1991. Therefore, applying *Bewersdorf* to this case would improperly increase after the fact the penalty for defendant's offense.

Affirmed.

MARILYN KELLY, P.J., concurred.

REILLY, J. *(dissenting).* I respectfully dissent. In *People v Tucker,* 177 Mich App 174; 441 NW2d 59 (1989), another panel of this Court held that a conviction of operating a vehicle while under the influence of intoxicating liquor, third offense, could not serve as the underlying felony for sentence enhancement pursuant to the habitual offender statute, MCL 769.10; MSA 28.1082, because that provision was in conflict with the more specific sentence enhancement provisions of the Vehicle Code, MCL 257.625(5) and (6); MSA 9.2325(5) and (6). That decision was followed by another panel of this Court in *People v Bewersdorf,* 181 Mich App 430; 450 NW2d 271 (1989). Although leave to appeal was denied in the *Tucker* case, leave to appeal the *Bewersdorf* decision was granted by the Supreme Court in July 1990. The Court of Appeals ruling in *Bewersdorf,* rejecting the application of

the habitual offender sentence enhancement stat-
ute, was reversed by the Supreme Court on August
22, 1991. *People v Bewersdorf,* 438 Mich 55; 475
NW2d 231 (1991). The Supreme Court determined
that the provisions were not in conflict and that
the terms of the habitual offender sentence en-
hancement statute were clear and unambiguous.

When defendant was arrested and charged on
June 26, 1991, the *Tucker/Bewersdorf* interpreta-
tion of the conflict between the statutes was con-
trolling precedent for the trial court. Before No-
vember 1, 1990, that precedential ruling was con-
trolling only until a contrary result was reached
by another panel of this Court or the Supreme
Court. *Richardson v General Motors Corp,* 139
Mich App 727; 363 NW2d 22 (1984). After Novem-
ber 1, 1990, however, any published decision issued
by a panel of this Court became controlling until
reversed or modified by the Supreme Court or a
special panel of this Court comprised of the Chief
Judge and twelve other members of this Court.
Administrative Order No. 1990-6.

At the time the defendant was arrested in 1991,
he could expect that should his case reach the
Court of Appeals, the panel that would consider
his case might disagree with the *Tucker/Bewers-
dorf* ruling, and he would be bound by any con-
trary ruling until it was reversed or modified by a
thirteen-member panel of this Court or by the
Supreme Court. *Richardson, supra;* Administrative
Order No. 1990-6. Defendant was not entitled to
rely on a ruling by the Court of Appeals that
foreseeably could be determined to be erroneous.
*Bouie v Columbia,* 378 US 347, 353-354; 84 S Ct
1697; 12 L Ed 2d 894 (1964). *State v Elliott,* 114
Wash 2d 6, 18-19; 785 P2d 440 (1990), cert den 498
US 838 (1990). Therefore, the defendant in this
case, like the defendant in *Bewersdorf,* was not

faced with an ex post facto application of a sentence he could not anticipate at the time of his arrest.

I would reverse the trial court's order granting the motion to quash the supplemental information and remand for further proceedings.