PEOPLE v STEWART (ON REHEARING)

Docket No. 139830. Submitted March 9, 1994, at Detroit. Decided
September 7, 1994, at 9:00 A.M. Leave to appeal sought.

Jerry L. Stewart was convicted by a jury in the Oakland Circuit
Court, Fred M. Mester, J., of manslaughter committed in the
operation of a motor vehicle and by another jury before the
same judge of being an habitual offender, third offense. The
defendant appealed. The Court of Appeals, CAVANAGH, P.J.,
and WAHLS and G. W. CROCKETT, III, JJ., in an unpublished
opinion per curiam, decided May 10, 1994 (Docket No. 139830),
reversed and remanded for a new trial. The Court of Appeals
subsequently granted the prosecution's motion for a rehearing.

On rehearing, the Court of Appeals held:·

1. Administrative Order No. 1994-4 constrains the Court of
Appeals to follow *People v Tims,* 202 Mich App 335 (1993), lv
gtd 445 Mich 862 (1994), and hold that the trial court commit-
ted error requiring reversal when it instructed the jury that it
could find the defendant guilty of manslaughter if his actions
were a substantial cause of the decedent's death. On retrial, the
trial court must instruct the jury that it must find the defen-
dant's conduct to have been the substantial cause of the dece-
dent's death in order to convict the defendant of manslaughter.

2. The defendant's two prior convictions of operating a motor
vehicle while under the influence of liquor, third offense, may
not underlie the habitual offender charge. Although the Su-
preme Court, in *People v Bewersdorf,* 438 Mich 55 (1991), held
that the habitual offender act fully applies to third and subse-
quent OUIL convictions, the Court of Appeals, in *People v Doyle,*
203 Mich App 294 (1994), held that *Bewersdorf* cannot be
retroactively applied. *Bewersdorf* cannot be applied to this case
because the alleged manslaughter was committed before *Bew-
ersdorf* was decided.          ·  ·.

Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, and *Robert C. Williams,* Assis-
tant Prosecuting Attorney, for the people.

*Michael J. Brady,* for the defendant on appeal.

ON REHEARING

Before: CAVANAGH, P.J., and WAHLS and G. W. CROCKETT, III,* JJ.

PER CURIAM. Defendant was convicted in two separate jury trials presided over by the same judge of manslaughter with a motor vehicle, MCL 750.321; MSA 28.553, and of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. He was sentenced as an habitual offender to fifteen to thirty years' imprisonment. Defendant appeals from his conviction and sentence. We are constrained by Administrative Order No. 1994-4 to reverse and remand for a new trial.

In the early morning hours of July 24, 1990, the vehicle in which defendant and Sandra Groves were traveling went off a freeway exit ramp and rolled over. Both occupants were thrown from the car, and Groves was killed. Defendant, who was found to have a blood alcohol level of 0.18 percent, was charged with manslaughter with a motor vehicle. A jury found him guilty as charged. A second jury then convicted defendant of being an habitual offender, third offense, on the basis of two prior convictions of operating a motor vehicle while under the influence of intoxicating liquor, third offense (OUIL-third), MCL 257.625(6); MSA 9.2325(6). This appeal followed.

Defendant's first issue on appeal is whether the trial court committed error requiring reversal when it instructed the jury that it could find defendant guilty of manslaughter if his actions were a, rather than the, substantial cause of

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Groves' death, in light of expert testimony that the allegedly defective design of the freeway ramp may have been partially or wholly to blame for the death.

A panel of this Court recently addressed this issue in *People v Tims,* 202 Mich App 335; 508 NW2d 175 (1993), lv gtd 445 Mich 862 (1994). In that case, Judge MARILYN KELLY reluctantly concluded that, on the basis of Supreme Court precedent, in order for a defendant to be convicted of vehicular homicide, his conduct must be the proximate cause of the death. *Id.* at 339-340, citing *People v Layman,* 299 Mich 141, 145; 299 NW 840 (1941); *People v Townsend,* 214 Mich 267, 275; 183 NW 177 (1921); *People v Barnes,* 182 Mich 179, 199; 148 NW 400 (1914). The remaining members of that panel concurred in the result.

We do not agree that the *Tims* result was mandated by the Supreme Court cases cited. If we were not constrained by Administrative Order No. 1994-4 to follow *Tims,* we would affirm the manslaughter conviction because we believe that it is both confusing and unnecessarily restrictive to instruct the jury that defendant's conduct must be the substantial cause of death. However, on retrial the court shall instruct the jury that defendant's conduct must have been the substantial cause of Groves' death.

In light of our conclusion, it is not necessary to address defendant's remaining allegations of trial error.

Defendant next contends that the trial court erred in denying his motion to have the habitual offender charges dismissed, because the prior felonies (OUIL-third) used to enhance the manslaughter charge were themselves both enhanced misdemeanors.

On August 22, 1991, our Supreme Court deter-

mined in *People v Bewersdorf,* 438 Mich 55; 475 NW2d 231 (1991), that the habitual offender act fully applies to third and subsequent OUIL convictions, thus effectively overruling *People v Tucker,* 177 Mich App 174; 441 NW2d 59 (1989). However, in the recent case of *People v Doyle,* 203 Mich App 294; 512 NW2d 59 (1994), a divided panel of this Court held that *Bewersdorf* could not be retroactively applied (even though the Supreme Court in that case applied the new rule retroactively). *Doyle, supra* at 296-297. Accordingly, because the offense in this case was committed on July 24, 1990, we must conclude that defendant's two OUIL-third convictions may not serve as the underlying felonies for the habitual offender charge. *Doyle, supra; Tucker, supra.*

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.