PEOPLE v LARDIE

Docket No. 171293. Submitted August 1, 1994, at Grand Rapids. Decided November 22, 1994, at 9:25 A.M. Leave to appeal sought.

Jash E. Lardie was charged in the Grand Traverse Circuit Court with three counts of operation of a motor vehicle while under the influence of liquor and thereby causing death, MCL 257.625(4); MSA 9.2325(4). The court, Philip E. Rodgers, J., dismissed the charges, ruling that § 625(4) was unconstitutional because it does not require a showing of mens rea for conviction and provides for severe punishment upon conviction. The prosecution appealed.

The Court of Appeals *held:*

1. Statutes making acts criminal regardless of intent are enacted and sustained, for the most part, on grounds of necessity. Section 625(4), which makes the crime at issue a strict liability offense, represents a proper exercise of the state's police powers in addressing the need to protect the public from drunken drivers who are likely to cause death on the highways and in ensuring swift and sure punishment of drunken drivers who cause death. Requiring proof of intent would frustrate the purpose of the statute.

2. The maximum penalty of fifteen years' imprisonment for a violation of § 625(4) is not so severe as to render the statute unconstitutional in view of the fact that one consequence of a violation is the death of the victim.

Reversed and remanded.

AUTOMOBILES — OPERATION OF A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF LIQUOR AND THEREBY CAUSING DEATH — CONSTITUTIONAL LAW.

The crime of operation of a motor vehicle while under the influence of liquor and thereby causing death is a strict liability

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 296, 297, 310.

Validity, construction, and application of statutes directly proscribing driving with blood-alcohol level in excess of established percentage. 54 ALR4th 149.

offense that does not violate the constitution in not requiring proof of intent for conviction, and the maximum penalty of fifteen years' imprisonment for the offense is not so severe as to be unconstitutional (MCL 257.625[4]; MSA 9.2325[4]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Dennis LaBelle,* Prosecuting Attorney, for the people.

*Michael J. Haley,* for the defendant.

Amici Curiae:

*Gregory Smith,* for Mothers Against Drunk Driving.

*Roger L. Conner* and *Robert Teir,* for American Alliance for Rights & Responsibilities.

*Carole F. Barnett,* Assistant Attorney General, for Secretary of State.

*Gina Smith-Gallant,* for Auto Club of Michigan.

Before: HOOD, P.J., and MARILYN KELLY and J. L. MARTLEW,* JJ.

PER CURIAM. Defendant was charged with three counts of operating a motor vehicle while under the influence of liquor (OUIL) and thereby causing death, MCL 257.625(4); MSA 9.2325(4). In a written opinion and order the circuit court dismissed the complaint against defendant. The court concluded that the "OUIL causing death" statute is unconstitutional because it fails to allow the jury to evaluate a defendant's mental intent or moral culpability. The prosecutor appeals the ruling as of right. Four additional parties join this appeal as amici curiae. We reverse.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Statutes are presumed to be constitutional, and courts have a duty to construe them as constitutional, absent a clear showing of unconstitutionality. *People v Thomas,* 201 Mich App 111, 116-117; 505 NW2d 873 (1993). Where the Legislature, in enacting a statute, has omitted language indicating that fault is a necessary ingredient, the proper focus is not on the constitutionality of the enactment, but rather on whether the Legislature actually intended to require some fault as a predicate to finding guilt, irrespective of the failure to expressly so state. *People v Quinn,* 440 Mich 178, 185; 487 NW2d 194 (1992). Where a criminal statute is a codification of the common law, and where mens rea was a necessary element of the crime at common law, the Court will not interpret the statute as dispensing with knowledge as a necessary element. *Id.* at 185-186.

The statute at issue, MCL 257.625(4); MSA 9.2325(4), adopted by the Legislature as part of 1991 PA 98, provides:

> A person, whether licensed or not, who operates a motor vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state, under the influence of intoxicating liquor or a controlled substance, or a combination of intoxicating liquor and a controlled substance, or with a blood alcohol content of 0.10% or more by weight of alcohol, and by the operation of that motor vehicle causes the death of another person is guilty of a felony, punishable by imprisonment for not more than 15 years, or a fine of not less than $2,500.00 or more than $10,000.00, or both.

Defendant contends, and the trial court agreed, that the statute as written amounts to an uncon-

stitutional strict liability, public welfare offense. We disagree that the statute is unconstitutional.

The Legislature, in drafting the statute at issue, made no reference to the actor's intent. Therefore, we must first ascertain whether the Legislature intended to require some fault as a predicate to finding guilt, irrespective of the failure to expressly so state. *Quinn, supra* at 185-186. In *People v Crawford,* 187 Mich App 344, 349; 467 NW2d 818 (1991), this Court stated that the offense of OUIL, MCL 257.625; MSA 9.2325, is proved without regard to the defendant's motive or intent. The crime of OUIL causing death contains the same elements as OUIL with the only additional element being the aggravated circumstance of death resulting from the prohibited conduct. Therefore, by extension, we conclude that intent is likewise irrelevant to prove the crime of OUIL causing death.

Additionally, we note that the OUIL statute is not a codification of a common-law offense. See *People v Townsend,* 214 Mich 267, 273; 183 NW 177 (1921) (it is unlawful by statute to operate an automobile upon a public highway while in a state of inebriation). Thus, this Court is not inclined to read a mens rea requirement into the statute. *Quinn, supra.* This is especially true because, if the Legislature wanted to add specific or general intent as an element, knowing that the predecessor statute had been construed as a strict liability crime, it would have specifically done so. See *People v Langworthy,* 416 Mich 630, 644; 331 NW2d 171 (1982). Therefore, the statute at issue may appropriately be characterized as imposing strict liability.

A state may decide under its police powers that public policy requires that certain acts or omissions to act be punished regardless of the actor's intent. *Quinn, supra* at 188; *People v Cash,* 419

Mich 230, 242; 351 NW2d 822 (1984). In *People v Snowberger,* 113 Mich 86, 91; 71 NW 497 (1897), our Supreme Court stated:

> The police power of the State extends to the protection of the health, as well as of the lives and property, of the citizens. Generally, it is for the legislature to determine what laws and regulations are needed to protect the public health and secure the public comfort and safety. If it passes an act ostensibly for the public health, and thereby destroys or takes away the property of the citizen or interferes with his liberty, it is for the courts to determine whether it relates to and is appropriate to promote such public health.

The following statement from this Court's opinion in *People v Tucker,* 177 Mich App 174, 182; 441 NW2d 59 (1989), is illustrative:

> The Vehicle Code does not have a stated purpose. The OUIL statute itself evidences an intent to keep people who operate vehicles while intoxicated off the highways by imposing prison terms, fines and the suspension or revocation of the operator's license. *By doing so, the statute apparently seeks to reduce the carnage on the highways for which intoxicated persons are responsible.* [Citations omitted; emphasis added.]

It is clear that the Legislature may properly elect to exercise its police powers to protect the public health and secure the public comfort from those who choose to operate motor vehicles while under the influence of alcohol. See *Snowberger, supra* at 92. The legislative analysis of the house bill enacted as the OUIL causing death statute further demonstrates the Legislature's objective in enacting the statute. A reading of the analysis evidences a legislative belief that "swift and sure"

sanctions are necessary to combat the social acceptance associated with drinking and driving, and to dispel the belief that the drinking driver will not be caught and punished. House Legislative Analysis, HB 4827 et al., May 23, 1991. Given the Legislature's intention to ensure that those who drive while intoxicated would be faced with "swift and sure" sanctions, it is unlikely that a new element of proof (mens rea) would be added without specific mention. See *Langworthy, supra* at 644. "[S]tatutes making acts criminal regardless of intent are enacted and sustained, for the most part, on grounds of necessity." *Quinn, supra* at 189; *People v Avery,* 236 Mich 549, 552; 211 NW 349 (1926).

We believe that requiring the prosecutor to prove intent in situations such as the instant one would frustrate the purpose of the statute. Further, it is clear that the Legislature correctly placed the burden on would-be intoxicated drivers as the people in the best position to avoid the potential harm associated with driving while intoxicated. Therefore, in order to preserve the legislative intent underlying the enactment, we are constrained to sustain the OUIL causing death statute as a strict liability, public welfare offense.

We note that the trial court found it especially troubling that such harsh penalties (maximum of fifteen years' imprisonment) could accompany a strict liability, public welfare offense. The penalty for conviction of statutory rape involving a victim under thirteen years of age, a strict liability offense, ranges from a term of years to life imprisonment. *Cash, supra* at 243. Though the consequences of statutory rape are damaging and long-lasting to the victim, a consequence of a violation of the statute at issue is the death of the victim. In light of the permanency of the consequences stem-

ming from violation of this statute, the attendant *maximum* fifteen-year penalty cannot be seen as so severe as to render the statute unconstitutional. To the contrary, we believe that the fifteen-year maximum penalty bears an appropriate relationship to the social ill that the statute seeks to eradicate.

Given the severity of the drinking and driving epidemic and the Legislature's intent to ensure swift and sure punishment, it is evident that the trial court erred in concluding that MCL 257.625(4); MSA 9.2325(4) was unconstitutional. *Thomas, supra.*

Reversed and remanded. We do not retain jurisdiction.