KELLY, J.
(concurring in part and dissenting in part). I concur with the majority’s interpretation of MCL 257.625(4). I write separately to note that I too have reexamined the language of MCL 257.625(4) and past readings of it. I continue to believe that the opinion of this Court in People v Lardie[1] and that of the Court of Appeals on which I sat[2] were both correct in ruling that the statute is constitutional.
The defendant in Lardie had contended and the trial court had found that the statute creates an unconstitutional strict liability, public welfare offense. Both appellate courts disagreed that the statute is unconstitutional. I now believe that the statute does not impose strict liability on the intoxicated driver, as the Court of *456 Appeals ruled. Nor does it require the prosecutor to prove that the intoxication caused the injury, as this Court ruled.
Lardie presented a different issue than the issue in these cases; it concerned intent. Causation was not the focus in Lardie, but it is here. The question here is what causal link between defendant’s actions and the death does the statute require that the prosecutor show. After thorough consideration, I conclude that the correct interpretation of MCL 257.625(4) is that the prosecutor must prove (1) the defendant was intoxicated and (2) the defendant’s driving was the factual and proximate cause of the victim’s death.
I agree with Justice CAVANAGH that the majority errs in remanding People v Large for further proceedings under the new rule set forth in its decision. Doing so violates fundamental notions of fairness that are embedded in the Due Process Clause of the federal and state constitutions. US Const, Am V; Am XTV( § 1; Const 1963, art 1, § 17.

 452 Mich 231; 551 NW2d 656 (1996).

 207 Mich App 615; 525 NW2d 504 (1994).