PEOPLE v STEWART (ON REMAND)

Docket No. 196451. Submitted July 23, 1996, at Lansing. Decided September 17, 1996, at 9:35 A.M. Leave to appeal sought.

Jerry L. Stewart was convicted by a jury in the Oakland Circuit Court, Fred M. Mester, J., of manslaughter committed with a motor vehicle and by another jury before the same judge of being an habitual offender, third offense. The defendant appealed. The Court of Appeals, CAVANAGH, P.J., and WAHLS and G. W. CROCKETT, III, JJ., in an unpublished opinion per curiam, decided May 10, 1994 (Docket No. 139830), reversed and remanded for a new trial. The Court of Appeals subsequently granted the prosecution's motion for a rehearing. On rehearing, the Court of Appeals, finding that it was bound by Administrative Order No. 1994-4 to follow *People v Tims*, 202 Mich App 335 (1993), again reluctantly reversed and remanded for a new trial. 206 Mich App 662 (1994). The Court of Appeals then declined to convene a special panel in this case. 207 Mich App 801 (1994). The prosecution sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, vacated the previous opinion of the Court of Appeals and remanded to the Court of Appeals for reconsideration in light of *People v Tims*, 449 Mich 83 (1995), and *People v Doyle*, 451 Mich 93 (1996). 452 Mich 857 (1996).

On remand, the Court of Appeals *held*:

1. The jury was properly instructed that it could find the defendant guilty of manslaughter if his actions were "a," rather than "the," substantial cause of the decedent's death.

2. The defendant was not denied the effective assistance of trial counsel. The fact that defense counsel's trial strategy may not have worked does not constitute ineffective assistance of counsel.

3. The trial court did not err in denying the defendant's motions for a mistrial and for dismissal of the habitual offender charges or in allowing the prosecutor to amend the supplemental information with regard to the habitual offender charge.

4. The trial court properly exercised, and did not delegate, its sentencing authority. The trial court properly based its sentence on the fact that the defendant had had sixteen prior convictions of

operating a vehicle while under the influence of intoxicating liquor and had continued to drink and drive. Resentencing is not required. Affirmed.

1. CRIMINAL LAW — MANSLAUGHTER — JURY INSTRUCTIONS — PROXIMATE CAUSE.

It is proper to instruct the jury in a trial for manslaughter with a motor vehicle that the jury may find the defendant guilty if the defendant's actions were "a" proximate cause of the death.

2. CRIMINAL LAW — TRIAL — EFFECTIVE ASSISTANCE OF COUNSEL.

A defendant asserting a claim of denial of the effective assistance of trial counsel must overcome a strong presumption that the assistance of counsel was sound trial strategy and must show that, but for counsel's error, there is a reasonable probability that the outcome of the trial would have been different; the fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel.

3. CRIMINAL LAW — RIGHT TO REMAIN SILENT — WITNESSES.

A witness' testimony regarding a defendant's silence or nonresponsive conduct that did not occur during a custodial interrogation or in reliance on *Miranda* warnings and that therefore was not constitutionally protected does not violate the defendant's right to remain silent.

4. CRIMINAL LAW — HABITUAL OFFENDERS — RETROACTIVE APPLICATION OF SUPREME COURT DECISION.

A person who has been convicted of operating a vehicle while under the influence of intoxicating liquor, third offense, and is subsequently again convicted of OUIL-3d may be charged as an habitual offender; this rule, announced in *People v Bewersdorf*, 438 Mich 55 (1991), has retroactive application (MCL 257.625[6], 769.10 *et seq.*; MSA 9.2325[6], 28.1082 *et seq.*).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, and *Robert C. Williams*, Assistant Prosecuting Attorney, for the people.

*Michael J. Brady*, for the defendant on appeal.

ON REMAND

Before: CAVANAGH, P.J., and WAHLS and SMOLENSKI, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court. In our previous opinion, we reluctantly concluded that we were bound by this Court's decision in *People v Tims*, 202 Mich App 335; 508 NW2d 175 (1993), and accordingly reversed defendant's conviction of manslaughter with a motor vehicle, MCL 750.321; MSA 28.553. *People v Stewart (On Rehearing)*, 206 Mich App 662; 522 NW2d 912 (1994). This Court subsequently declined to convene a special panel in this case. 207 Mich App 801 (1994). The prosecutor sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, entered an order vacating our previous opinion and remanding for reconsideration in light of its decisions in *People v Tims*, 449 Mich 83; 534 NW2d 675 (1995), and *People v Doyle*, 451 Mich 93; 545 NW2d 627 (1996). 452 Mich 857 (1996). On remand, we now affirm.

The facts of this case were set forth in our previous opinion:

> In the early morning hours of July 24, 1990, the vehicle in which defendant and Sandra Groves were traveling went off a freeway exit ramp and rolled over. Both occupants were thrown from the car, and Groves was killed. Defendant, who was found to have a blood alcohol level of 0.18 percent, was charged with manslaughter with a motor vehicle. A jury found him guilty as charged. A second jury then convicted defendant of being an habitual offender, third offense, on the basis of two prior convictions of operating a motor vehicle while under the influence of intoxicating liquor, third offense (OUIL-third), MCL 257.625(6); MSA 9.2325(6). [*Stewart*, 206 Mich App 663.]

I

In his first issue, defendant claims that the trial court erred in instructing the jury that it could find defendant guilty of manslaughter if his actions were "a," rather than "the," substantial cause of Sandra Grove's death, in light of expert testimony that the allegedly defective design of the freeway ramp may have been partially or wholly to blame. However, the Supreme Court has recently determined that it is proper to instruct a jury that the defendant's conduct need only be "a" proximate cause of death. *Tims*, 449 Mich 96-97. Accordingly, the jury was properly instructed, and we find no error requiring reversal.

II

Defendant next asserts that he was denied the effective assistance of counsel at trial. A defendant that claims that he has been denied the effective assistance of counsel must establish that (1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, there is a reasonable probability that the outcome of the trial would have been different. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994), cert den sub nom *Michigan v Caruso*, 513 US ___; 115 S Ct 923; 130 L Ed 2d 802 (1995).

Because defendant failed to move for a *Ginther*[1] hearing or a new trial based on the ineffective assistance of counsel, this Court's review is limited to errors apparent on the record. *People v Hurst*, 205 Mich App 634, 641; 517 NW2d 858 (1994). After carefully reviewing the record, we conclude that defendant was not denied the effective assistance of counsel. When counsel's opening argument is considered in its entirety, it is clear that counsel was arguing that even if defendant had been driving, the ramp had been negligently designed and defendant's negligence was not the proximate cause of the decedent's death. Defendant also argues that counsel's performance was ineffective with regard to the statement defendant allegedly made to Officer Stephen Currie. From the record, it appears that counsel chose to contest that the statement had ever been made. This was a matter of trial strategy that this Court will not attempt to second-guess. See *People v Reed*, 449 Mich 375, 384; 535 NW2d 496 (1995). The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel. *People v Murph*, 185 Mich App 476, 479; 463 NW2d 156 (1990), modified with respect to sentencing *On Rehearing*, 190 Mich App 707; 476 NW2d 500 (1991). Counsel was not ineffective in failing to object to Sergeant Norman O'Brien's testimony because it was admissible as a consistent prior statement under MRE 801(d)(1) to rebut counsel's allegations that Officer Currie's statement had been recently fabricated.

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

III

Defendant next contends that his motion for a mistrial should have been granted because a witness' testimony compromised his right to remain silent. A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial. *People v Lugo*, 214 Mich App 699, 704; 542 NW2d 921 (1995).

We conclude that the trial court did not err in denying defendant's motion for a mistrial. Defendant's silence or nonresponsive conduct did not occur during a custodial interrogation, nor was it in reliance on *Miranda*[2] warnings. Accordingly, defendant's silence was not constitutionally protected, and his rights were not violated by the witness' testimony. *People v Schollaert*, 194 Mich App 158, 166-167; 486 NW2d 312 (1992).

IV

Defendant next argues that the trial court erred in denying his motion for the dismissal of the habitual offender charges because the prior felonies used to enhance defendant's sentence were two convictions of operating a motor vehicle while under the influence of intoxicating liquor (OUIL), third offense, MCL 257.625(6); MSA 9.2325(6). We disagree. In *People v Bewersdorf*, 438 Mich 55, 59; 475 NW2d 231 (1991), cert den sub nom *Johnson v Michigan*, 502 US 1111 (1992), the Supreme Court held that the habitual offender act[3] is applicable to third and subsequent

---

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[3] MCL 769.10 *et seq.*; MSA 28.1082 *et seq.*

convictions of OUIL. The Supreme Court recently has held that the rule announced in *Bewersdorf* should have retroactive application. *Doyle, supra* at 101. Accordingly, we find no error.

V

Defendant next claims that the trial court committed error requiring reversal in allowing the prosecutor to amend the supplemental information with regard to the habitual offender charge. We disagree. A trial "court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence." MCL 767.76; MSA 28.1016. The information provided defendant with sufficient notice of the prosecutor's allegations. See *People v Adams*, 202 Mich App 385, 389; 509 NW2d 530 (1993). The trial court did not err in allowing the prosecutor to amend the information.

VI

In his final issue, defendant argues that he is entitled to resentencing because the trial court improperly delegated its sentencing authority to the sentencing panel. We disagree. The trial court articulated at length its reasons for imposing the sentence that it did. The mere fact that both the trial court and the sentencing panel believed that defendant should receive the maximum possible penalty is not evidence that the trial court failed to exercise its discretion.

Defendant also claims that the trial court impermissibly based its sentence on defendant's assertions of innocence. After reviewing the trial court's comments, we conclude that resentencing is not required. The

trial court addressed defendant's failure to admit guilt only as it bore upon his history of avoiding responsibility for his actions. Cf. *People v Wesley*, 428 Mich 708, 713; 411 NW2d 159 (1987) (ARCHER, J.), cert den 484 US 967 (1987). Moreover, the trial court clearly based its sentence on the fact that defendant had had sixteen prior OUIL convictions and had continued to drink and drive.

Affirmed.