# Order

Michigan Supreme Court
Lansing, Michigan

January 23, 2009

137198

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff-Appellee,

v

SCOTT DAVID BISKNER,
    Defendant-Appellant.

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137198
COA: 278006
Tuscola CC: 06-010026-FH

_____/

   On order of the Court, the application for leave to appeal the July 8, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Tuscola Circuit Court for a hearing under *People v Ginther*, 390 Mich 436 (1973), with respect to appellate counsel's claim that trial defense counsel was ineffective because of her "failure to request a jury instruction, commensurate with the evidence and the defense theory, on the lesser included offense of entering without breaking." We DIRECT that court to commence the hearing within 35 days of the date of this order. We further ORDER that court to decide the claim of ineffective assistance of counsel within 14 days of the completion of the hearing, and to file with the Clerk of the Supreme Court a transcript of the hearing and related documents, including any written decision, within 21 days of its ruling.

   We retain jurisdiction.

   CORRIGAN, J. (*dissenting*).

   I respectfully dissent from the order remanding this case for a *Ginther*[1] hearing on defendant's ineffective assistance of counsel claim. Defendant failed to raise the issue in the trial court or to move the Court of Appeals to remand for a *Ginther* hearing. The Court of Appeals thus appropriately confined its review to determining whether the

_____

[1] *People v Ginther*, 390 Mich 436 (1973).

record contained sufficient detail to support defendant's claim. See *People v Cox,* 268 Mich App 440, 453 (2005); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659 (2000).

The Court of Appeals did not clearly err by concluding that the existing record did not establish ineffective assistance of counsel. Defendant has not shown that counsel's declination to request an instruction on misdemeanor home invasion was anything but a reasonable trial strategy. Such an instruction could have reduced defendant's chance for an outright acquittal and would have contradicted the defense theory that defendant had permission to enter the building.

Thus, in light of defendant's failure to request a *Ginther* hearing, thereby confining appellate review to the existing record, the Court of Appeals properly concluded that it had no basis to second-guess counsel's trial strategy. *People v Stewart* (*On Remand*), 219 Mich App 38, 42 (1996).

Accordingly, I would deny leave to appeal.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 23, 2009

Clerk

s0120