Corrigan, J.
(dissenting). I respectfully dissent from the order remanding this case for a Ginther[1] hearing on defendant’s ineffective assistance of counsel claim. Defendant failed to raise the issue in the trial court or to move the Court of Appeals to remand for a Ginther hearing. The Court of Appeals thus appropriately confined its review to determining whether the record contained sufficient detail to support defendant’s claim. See People v Cox, 268 Mich App 440, 453 (2005); People v Sabin (On Second Remand), 242 Mich App 656, 658-659 (2000).
The Court of Appeals did not clearly err by concluding that the existing record did not establish ineffective assistance of counsel. Defendant has not shown that counsel’s declination to request an instruction on misdemeanor home invasion was anything but a reasonable trial strategy. Such an instruction could have reduced defendant’s chance for an outright acquittal and would have contradicted the defense theory that defendant had permission to enter the building.
Thus, in light of defendant’s failure to request a Ginther hearing, thereby confining appellate review to the existing record, the Court of Appeals properly concluded that it had no basis to second-guess counsel’s trial strategy. People v Stewart (On Remand), 219 Mich App 38, 42 (1996).
Accordingly, I would deny leave to appeal.
Young, J. I join the statement of Justice Corrigan.

 People v Ginther, 390 Mich 436 (1973).