# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 20, 2018

Plaintiff-Appellee,

v

No. 336675
Oakland Circuit Court
LC No. 2013-248152-FC

ADAM DONALD LUTZ,

Defendant-Appellant.

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of assault with intent to murder, MCL 750.83, torture, MCL 750.85, and unlawful imprisonment, MCL 750.349b. The trial court sentenced him to concurrent sentences of 23 years and 9 months to 80 years for the assault with intent to murder and torture convictions, and 8 to 15 years for the unlawful imprisonment conviction. We affirmed defendant's convictions. *People v Lutz*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2016 (Docket No. 324193). The Michigan Supreme Court remanded to the trial court for it to determine whether it would have imposed a materially different sentence in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).[1] On remand, the trial court declined to resentence defendant, determining that it would have imposed the same sentence. Defendant appeals by right. We affirm.

In *Lockridge*, 498 Mich at 373-374, the Supreme Court held that Michigan's sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial "to the extent that [offense variables (OVs)] scored on the basis of facts not admitted by the defendant or necessarily found by the jury verdict increase the floor of the guidelines range, i.e., the defendant's 'mandatory minimum' sentence[.]" The Court remedied the constitutional infirmity by making the sentencing guidelines advisory only and striking the statutory requirement that a sentencing court must give a substantial and compelling reason for departing from the guidelines range. *Id*. at 364-365. In cases where the "facts admitted by a defendant or found by the jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced

---

[1] *People v Lutz,* 500 Mich 876 (2016).

. . . an unconstitutional constraint actually impaired the defendant's Sixth Amendment right." *Id*. at 395. In those cases, a defendant is entitled to a remand, see *United States v Crosby*, 397 F3d 103 (CA 2, 2005), the purpose of which is for the trial court to determine whether it "would have imposed the same sentence absent the unconstitutional constraint on its discretion." *Lockridge*, 498 Mich at 397, 399. "If the trial court determines that the answer to that question is yes, the court shall order resentencing." *Id*. at 397. The Court summarized the remand procedure as follows:

> Stated differently, on a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the "circumstances existing at the time of the original sentence." *Id*. at 117; see also *United States v Ferrell*, 485 F3d 687, 688 (CA 2, 2007) (holding that the trial court's failure to consider circumstances as they existed at the time of the resentencing hearing, including evidence of the defendant's post-judgment prison rehabilitation, did not violate the defendant's due process rights). [*Id*. at 398-399 (footnote omitted).]

The ultimate inquiry for the trial court is "whether, now aware of the advisory nature of the guidelines, the court would have imposed a materially different sentence." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 435; 884 NW2d 297 (2015).

Defendant primarily argues that the trial court abused its discretion on remand by not providing an "evidentiary hearing" or allowing him to submit additional arguments regarding purportedly mitigating factors to his offenses. Although the trial court had the option of holding a hearing on remand, a hearing was not required. *Lockridge*, 498 Mich at 398.

The trial court expressly noted that, in determining whether it would have imposed a materially different sentence post-*Lockridge*, it was only considering the circumstances that existed at the time of the original sentence. Defendant acknowledges that the trial court was confined to those circumstances, but appears to maintain that he should have been able to present additional evidence and argument regarding those circumstances. He contends that even if he could not introduce new evidence, he should have been allowed to develop new arguments regarding the existing evidentiary record. On its face, *Lockridge*'s directive that trial courts should only consider " 'circumstances existing at the time of the original sentence' " does not necessarily preclude a defendant from offering additional arguments regarding the evidentiary record at the time of sentencing. *Lockridge*, 498 Mich at 398, quoting *Crosby*, 397 F3d at 117. However, a trial court is ultimately determining whether it would have imposed a materially different sentence knowing that the guidelines are advisory. *Jackson (On Reconsideration)*, 313 Mich App at 435. Factors allegedly mitigating defendant's behavior do not inform that inquiry. Nevertheless, as defendant acknowledges, the trial court was apprised of the mitigating factors

defendant wished to develop in the "views of counsel." For those reasons, the trial court did not abuse its discretion in not providing defendant an evidentiary hearing or an opportunity to present additional argument regarding his sentence. See *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989); *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008).

Defendant also contends that he received a disproportionate sentence. *Lockridge*, 498 Mich at 365, held that sentences that depart from the minimum sentence range "are to be reviewed by appellate courts for reasonableness." Recently, the Supreme Court "reaffirm[ed]" that, when reviewing a sentence for reasonableness, courts should apply "the proportionality principle adopted in [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990)] . . . ." *People v Steanhouse*, 500 Mich 453, 473; 902 NW2d 327 (2017). But defendant was sentenced within his minimum sentence range, and this Court has concluded that

> *Lockridge* did not alter or diminish MCL 769.34(10), which provides, in pertinent part, "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." [*People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016).]

"When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Id*. at 196.[2] Because defendant received a non-departure sentence, and because his suggestion that the trial court relied on inaccurate information in sentencing him is undeveloped and unfounded, we must affirm his sentence. MCL 769.34(10); *Schrauben*, 314 Mich App at 196.

Finally, defendant asserts that he was denied the effective assistance of counsel by both his trial and initial appellate counsel.[3] "To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003). The same test applies to appellate counsel. *People v Uphaus*, 278 Mich App 174, 186; 748 NW2d 899 (2008). "There is a presumption that counsel was effective, and a defendant must overcome the strong presumption that counsel's challenged actions were sound trial strategy." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015).

---

[2] In *Steanhouse*, 500 Mich at 471 n 14, the Supreme Court declined to address "whether MCL 769.34(10) . . . survives *Lockridge*."

[3] We could consider defendant's claims of ineffective assistance of counsel abandoned, as they are outside the scope of the Supreme Court's remand order. See *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975).

Defendant essentially contends that his trial counsel did not provide zealous representation at sentencing. Defendant identifies several matters that he argues should have been thoroughly argued by trial counsel. For instance, the victim impact statement was written by defendant's sister on behalf of her mother (the victim). Defendant claims he has a strained relationship with his sister and that trial counsel should have identified that for the trial court. But trial counsel *did* explain to the court that defendant has a hostile relationship with his sister and disputed certain statements made by the sister. Although trial counsel did not note the sister's purported "financial bias" against defendant, defendant himself adequately explained that his criminal behavior was driven by a fear that his sister would 'write me totally off' of "the family trust."

Similarly, although trial counsel did not argue that defendant's intoxication during the offenses should be considered a mitigating factor, defendant told the court that he "was very intoxicated when this happened" and "if alcohol wouldn't have been involved this whole thing would not have happened . . ." But the trial court stated that "whatever the combination was on that day that caused you to act the way you did is completely unacceptable . . ." We fail to see how additional comment from trial counsel would have persuaded the trial court. In short, trial counsel made several arguments in support of his request that defendant receive a sentence below the top of his guidelines range. "The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996). For those reasons, defendant has not demonstrated that trial counsel's comments at sentencing were deficient or that he was prejudiced by the comments. *Riley (After Remand)*, 468 Mich at 140.

It follows that defendant's appellate counsel was not ineffective for not claiming ineffective assistance of counsel in the first appeal, as counsel is not required to raise meritless objections. *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003). Further, "appellate counsel's decision to winnow out weaker arguments and focus on those more likely to prevail is not evidence of ineffective assistance." *People v Reed*, 449 Mich 375, 391; 535 NW2d 496 (1995) (opinion by BOYLE, J.), citing *Jones v Barnes*, 463 US 745, 752; 103 S Ct 3308; 77 L Ed 2d 987 (1983).

Affirmed.


/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood