*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

TODD GREGORY HODGES,

　　　　　Defendant-Appellant.

UNPUBLISHED
February 19, 2019

No. 340031
Wayne Circuit Court
LC No. 17-001788-01-FC

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Following a bench trial, the circuit court convicted defendant of armed robbery and possession of a firearm during the commission of a felony (felony-firearm). Defendant contends that his trial counsel was ineffective, that the police withheld exculpatory evidence, and that the court erroneously scored two offense variables when calculating his sentence. We discern no error and affirm.

## I. BACKGROUND

Defendant answered a Facebook advertisement posted by Tayjona Smith, who was selling an iPhone 7 for $375. Smith drove to meet defendant near defendant's house to finalize the purchase. Defendant took the cell phone and exited the vehicle without paying. He then pulled out a gun and instructed Smith, "[G]et off my block before I shoot this bitch up." At trial, defendant admitted to stealing the phone, but adamantly denied using a gun.

## II. ASSISTANCE OF COUNSEL

Defendant contends that his trial counsel was ineffective for failing to request the court to consider the lesser offense of larceny by conversion. Defendant further asserts that his counsel should have sought the exclusion of any statements made by defendant during his police interrogation as the prosecution did not present the recorded police interview into evidence.

Defendant moved in this Court for a *Ginther*[1] hearing, but this Court denied that motion. *People v Hodges*, unpublished order of the Court of Appeals, entered October 25, 2018 (Docket No. 340031). Because we agree that a *Ginther* hearing is unnecessary, we limit our review to mistakes apparent on the existing record. *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). " '[I]t has long been recognized that the right to counsel is the right to the effective assistance of counsel.' " *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984), quoting *McMann v Richardson*, 397 US 759, 777 n 14; 90 S Ct 1441; 25 L Ed 2d 763 (1970). In *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), the United States Supreme Court held that a convicted defendant's claim of ineffective assistance of counsel includes two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." To establish the first component, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *People v Solomonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). To establish prejudice, the defendant must demonstrate a reasonable probability that but for counsel's errors the result of the proceedings would have differed. *Id*. at 663-664. The defendant must overcome the strong presumptions that his "counsel's conduct falls within the wide range of professional assistance," and that his counsel's actions represented "sound trial strategy." *Strickland*, 466 US at 689.

We cannot conclude on this record that defense counsel was ineffective for failing to request that the court consider a lesser offense; counsel's decision was obviously strategic. The prosecutor charged defendant with armed robbery and felony-firearm and no lesser included robbery charges. In order to convict, the prosecutor had to convince the trial court that defendant used a gun in the course of the robbery based solely on the word of the victim. Defense counsel likely employed an "all or nothing" strategy, which made sense under the circumstances. If the court did not believe the victim's version of events, specifically that defendant had produced a gun, it would have to acquit defendant of the charged offenses. This backfired as the court found Smith credible. However, a strategy's failure does not mean that the strategist was constitutionally ineffective. *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

Defense counsel also was not ineffective for failing to seek exclusion of defendant's statements during his police interrogation. Defendant contends that he requested an attorney, but that the police continued the inquiry without counsel, violating his Fifth Amendment rights. Defendant's claim fails for two reasons: defendant failed to establish that the police actually violated his rights and even if the police did, defendant's statements were admissible for impeachment purposes.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"A statement obtained from a defendant during a custodial interrogation is admissible only if the defendant voluntarily, knowingly, and intelligently waived his Fifth Amendment rights." *People v Akins*, 259 Mich App 545, 564; 675 NW2d 863 (2003), citing *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966). If a statement is obtained in violation of a defendant's right to counsel, the prosecution may not use that statement in its case-in-chief. *People v Frazier*, 270 Mich App 172, 179; 715 NW2d 341 (2006), rev'd in part on other grounds 478 Mich 231 (2007). However, those statements may be used for impeachment purposes on cross-examination as long as the defendant made the statements voluntarily. *Id*. at 181.

Defendant has not supported his claim that he requested counsel during his custodial interrogation or that the police continued the questioning after he made such a request. However, even if defendant had requested counsel, the prosecution would be able to use his statements to impeach his testimony. The prosecutor did not elicit testimony about defendant's custodial statements during the state's case-in-chief; rather, the chief investigating officer testified only that he spoke to defendant and "collect[ed] [his] personal information," including his phone number. Only during cross-examination of defendant did the prosecutor recite statements allegedly made by defendant during his interrogation. As the prosecutor was free to use these statements for impeachment purposes, defense counsel had no ground to object. Counsel is not ineffective for failing to raise meritless objections or motions. *People v Unger*, 278 Mich App 210, 255; 749 NW2d 272 (2008).

## III. *BRADY* VIOLATION

At trial, the prosecution presented into evidence screenshots from the text message conversation defendant had with Smith. Smith testified regarding other messages that were not included in the presented screenshots. Defendant contends that these additional text messages could have been exculpatory and that the police and the prosecutor violated *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), by failing to disclose them during discovery. Defendant failed to preserve his challenge by raising it in the trial court, limiting our review to plain error affecting defendant's substantial rights. *People v Cox*, 268 Mich App 440, 448; 709 NW2d 152 (2005).

In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 US at 87. To establish that a *Brady* violation occurred, the defendant must show that "(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) that is material." *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014).

The prosecution in this case could not have suppressed the subject evidence because the evidence was also in defendant's control. The evidence was text messages between defendant and Smith. Smith provided to the police screenshots of the text messages from the phones she used. She sent these messages directly to defendant's phone. Defendant therefore should have had a copy of each message in the possession of the police and the prosecution. Yet, defendant never presented those messages, either as an offer of proof or to impeach Smith's testimony.

Moreover, defendant did not establish that the "suppressed" screenshots were exculpatory. Rather, the text messages that were presented revealed that defendant and Smith arranged a meeting for the purchase of a cell phone. In a final exchange presented at trial, Smith advised defendant that she had contacted the police and defendant claimed, "I ain[']t do shit" and "Why they coming to me." Smith testified that other messages showed that defendant thought his conduct was "funny," that he would not return the phone to Smith, and that defendant threatened to "shoot that bitch up" if Smith returned to his neighborhood. If these messages were actually sent, they were not exculpatory. And if the messages read as described by Smith, they would not have changed the outcome of defendant's trial; they would have been another nail in his convictions. Further, Smith's testimony standing alone was not as strong as her earlier corroborated testimony about the text messages

Overall, defendant has not established that the prosecution suppressed any evidence, let alone exculpatory evidence, or that he was prejudiced by the prosecution's actions. He is therefore not entitled to relief.

IV. OFFENSE VARIABLES

Defendant also challenges the trial court's assessment of 15 points for offense variable (OV) 1 and 10 points for OV 13 when calculating his sentence. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

OV 1 is scored for the aggravated use of a weapon. MCL 777.31(1). The assessment of 15 points is warranted if "[a] firearm was pointed at or toward a victim . . . ." MCL 777.31(1)(c). The record evidence supports this score. Smith testified that defendant exited her car with a gun in his hand and threatened to shoot her. She pantomimed defendant's motions and the prosecutor described on the record that Smith demonstrated that defendant was "holding a gun toward [the] seat area." The court could reasonably infer from the testimony and demonstration that defendant pointed a gun at Smith and therefore did not err in scoring this variable.

An assessment of 10 points is required for OV 13 when the sentencing "offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property." MCL 777.43(1)(d). "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). "[T]he plain language of the statute does not require a criminal conviction to score 10 points, but only requires 'criminal activity.' " *People v Harverson*, 291 Mich App 171, 180; 804 NW2d 757 (2010). Criminal activity includes offenses committed as a juvenile that resulted in a juvenile adjudication, as well as offenses that did not result in a conviction. *Id.*

Within the five years preceding the crimes underlying this case, defendant committed two others. On August 26, 2012, defendant committed second-degree home invasion as a juvenile, a crime against a person. MCL 777.16f. On February 14, 2015, defendant was charged with

receiving and concealing stolen property, a crime against property. MCL 777.16z. Defendant then committed the offense in this case, armed robbery, which is a crime against a person. MCL 777.16y. These offenses were sufficient to establish a pattern of criminal behavior and support defendant's OV 13 score.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica