*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SHELDON LAROI LILIES,

       Defendant-Appellant.

UNPUBLISHED
July 23, 2020

No. 348205
Saginaw Circuit Court
LC No. 18-044541-FH

Before: FORT HOOD, P.J., and JANSEN and TUKEL, JJ.

PER CURIAM.

Defendant was convicted by a jury of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(d) (sexual penetration with a person who is related to defendant by blood or affinity to the third degree), and sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 250 to 402 months' imprisonment. On appeal, defendant contends that the trial court erred by permitting evidence of defendant's prior bad acts, and by denying defendant's request for a *Ginther*[1] hearing. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's conviction arises from his sexual assault of his adult daughter after she had gone to bed. Before trial, the prosecutor filed a motion to introduce evidence of defendant's prior acts of sexual assault pursuant to MCL 768.27b. Defendant had been previously convicted of CSC-III for sexually assaulting the 9-year-old daughter of a woman who was living with him, which included multiple incidents where the victim was sleeping. At trial, the prosecutor admitted by stipulation defendant's judgment of sentence for the conviction, which reflected that defendant pleaded guilty to CSC-III with a victim between 13 and 15 years of age, MCL 750.520d(1), in exchange for the dismissal of two counts of CSC-I with a victim under 13 years of age, MCL 750.520b(1)(a), and two counts of CSC-II with a victim under 13 years of age, MCL 750.520c(1)(a). The trial court admitted the evidence and noted that although the prior act

---

[1] *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973).

occurred more than 10 years before the charged offense, admitting the evidence was in the interest of justice, particularly because defendant had been released from prison only months before. The judgment of sentence was presented to the jury and neither the prosecutor nor defense counsel commented on the circumstances surrounding the conviction or further explained the document. The trial court instructed the members of the jury that they could consider the evidence of defendant's prior acts if they found that defendant committed the acts.

Defense counsel filed a pretrial motion to compel production of an alleged exculpatory witness, the nurse who performed the victim's sexual-assault examination. Defense counsel suggested that the nurse had found no physical indicators of sexual assault. Defendant subpoenaed the nurse to testify, but she was unavailable at trial because of an illness. Defendant initially requested that the court adjourn until the following week to see if she would be available, but the trial court noted that the issue could be addressed later in the week. That same day however, defense counsel rested and the court proceeded to closing arguments and jury deliberation. Defendant subsequently filed a motion for a *Ginther*[2] hearing, arguing that the record needed to be expanded to determine whether it was reasonable for defense counsel to rest without having called the nurse to testify. The trial court denied the motion, determining that any evidence the nurse would have presented was unlikely to be outcome-determinative and the decision not to call her did not rise to the level of ineffective assistance of counsel.

## II. STANDARD OF REVIEW

Defendant did not object to the prosecutor's motion to introduce evidence of his prior acts pursuant to MCL 768.27b. Therefore, this issue is unpreserved. We review unpreserved errors for plain error affecting substantial rights. *People v Jones*, 468 Mich 345, 382; 622 NW2d 376 (2003). "Reversal is warranted only when the plain, unpreserved error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence." *Id*.

Defendant preserved his claim regarding the denial of a *Ginther* hearing by moving for an evidentiary hearing to develop the record. *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973); *People v Sabin (On Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). We review for an abuse of discretion a trial court's denial of a motion for a *Ginther* hearing. *People v Collins*, 239 Mich App 125, 138-139; 607 NW2d 760 (1999). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). Claims of ineffective assistance of counsel are mixed questions of law and fact. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review de novo questions of law and review for clear error findings of fact. *Id*. Because the trial court did not hold an evidentiary hearing, our review is limited to the facts in the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

## III. ANALYSIS

---

[2] *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973).

## A. PRIOR ACTS

It was not plain error for the trial court to allow evidence of defendant's prior CSC conviction to be admitted pursuant to MCL 768.27b(1). MCL 768.27b(1) states:

> Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible *for any purpose for which it is relevant*, if it is not otherwise excluded under Michigan rule of evidence 403. [Emphasis added.]

There is no dispute that both the prior CSC conviction and defendant's subsequent assault against the victim in this case qualify as acts of sexual assault or domestic violence under the statute. MCL 768.27b(4) provides:

> Evidence of an act occurring more than 10 years before the charged offense is inadmissible under this section unless the court determines that

> * * *

> (d) Admitting the evidence is in the interest of justice.

Here, although the conduct from defendant's prior CSC conviction occurred more than 10 years before defendant's October 5, 2017 assault, admitting the evidence was in the interest of justice because both incidents demonstrated that defendant sexually assaulted young women, and it was significant that defendant committed the subsequent assault against the victim only four months after he was released from prison for the initial offense. Therefore, as long as the evidence was relevant and complied with the balancing test under MRE 403, the evidence was admissible for any purpose, including to show that defendant acted in accordance with a propensity for sexual assault. *People v Watkins*, 491 Mich 450, 471-472; 818 NW2d 296 (2012).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. This Court has recognized that introducing prior acts of domestic violence gives juries "the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords." *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007). Here, the fact that defendant was convicted of CSC prior to the charged assault was relevant to give context to defendant's behavior. In particular, because evidence of the charged assault appeared to show an isolated incident, providing evidence of defendant's prior conviction was relevant to give context to his sexual history and show his propensity to commit sexual assault.

The evidence also survived the balancing test under MRE 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidence is unfairly prejudicial if it has a tendency "to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock," or if the jury will give undue or preemptive weight to the evidence. *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (quotation marks and citation omitted). There is no doubt that defendant's prior conviction for CSC against a minor was prejudicial. However, this Court has recognized that most evidence presented against a criminal defendant is damaging and prejudicial. *People v Ralier*, 288 Mich App 213, 220-221; 792 NW2d 776 (2010). Although the prior assault was factually similar to defendant's assault against the victim in this case, this context was not explained to the jurors because they were only presented with defendant's judgment of sentence. Although defendant's conviction for assaulting a minor child might seem less probative of his assault against the adult victim in this case without the additional context, the evidence was still probative of defendant's propensity to commit sexual assault and show that the charged assault was not an isolated incident.

Defendant also argues that without context, the jury could have mistakenly considered all of defendant's charged counts of CSC listed on the judgment of sentence rather than the one count he was convicted of. However, the jury members were given the limiting instruction that in order to consider defendant's prior act of CSC, they first had to determine that defendant actually committed the act. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Here, there was no foundation to suggest that defendant committed acts in relation to the dropped charges, and presumably, the jury only considered the conduct for which defendant was convicted. Therefore, the limiting instruction arguably cured any risk of undue prejudice from the evidence. It is also worth noting that the prosecutor's decision to not explain the context of the prior conviction arguably sheltered defendant from more prejudice because the jury was not informed about how factually similar the prior CSC was to the case at hand. Overall, the danger of unfair prejudice did not substantially outweigh the highly probative nature of the evidence.

B. *GINTHER* HEARING

The trial court did not abuse its discretion by denying defendant's request for a *Ginther* hearing. The purpose of a *Ginther* hearing is to provide defendant an opportunity to establish facts or produce evidence to help establish an ineffective assistance of counsel claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). However, a defendant is not entitled to a *Ginther* hearing if further factual development will not advance his claim. *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009). The defendant bears the burden to prove that defense counsel did not provide effective assistance. *Hoag*, 460 Mich at 6. To prove counsel was ineffective:

First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy. Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable. [*People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011) (citations omitted).]

-4-

This Court will not second-guess counsel's strategy in hindsight and will give great deference to counsel's discretion in handling the case. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). Whether to introduce evidence or call witnesses is generally a matter of trial strategy left to the deference of counsel. *People v Schrauben*, 314 Mich App 181, 191; 886 NW2d 173 (2016). The failure to investigate or call witnesses can constitute ineffective assistance if it deprives the defendant of a substantial defense. *People v Gant*, 470 Mich 477, 491-492; 684 NW2d 686 (2004); *Dixon*, 263 Mich App at 398. However, "[t]he fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

Here, defense counsel subpoenaed the examining nurse to testify under the belief that she could offer exculpatory testimony for defendant because her notes from the sexual-assault examination allegedly indicated that there were no physical signs of sexual assault. Regardless, defense counsel rested without waiting for the nurse to testify and without further consulting with defendant or providing an explanation.

Because our review is limited to the lower court record, we cannot consider the nurse's report. *Wilson*, 242 Mich App at 352. However, had she been called as a witness, her testimony would only have shown, at most, that the victim had no physical indication of sexual assault. It is reasonable that the examination may not have reflected physical harm given the victim's age, the fact that she did not resist or fight, and that the nature of the assault involved penetration with defendant's fingers. It is also worth noting that CSC-III requires penetration, MCL 750.520d(1)(d), which includes "any other intrusion, however slight, of any part of a person's body . . . ." MCL 750.520a(r). Physical evidence of penetration is not necessary for a CSC conviction because "the complainant's testimony can, by itself, be sufficient to support a conviction of CSC." *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010). Therefore, the nurse's testimony would have had only minimal probative value.

To succeed on an ineffective assistance of counsel claim, a defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable. *Armstrong*, 490 Mich at 290. Here, even if the nurse had testified, it is not reasonably probable that her minimally probative testimony alone would have resulted in a different outcome, especially after the jury was presented with the victim's first-hand testimony and evidence of defendant's prior CSC conviction. Further, given the minimal exculpatory value of the nurse's testimony, failing to call her as a witness did not deprive defendant of a substantial defense. *Gant*, 470 Mich at 491-492. Because there is no indication that defendant would have succeeded on a claim of ineffective assistance of counsel, there was no need for the trial court to further develop the record through a *Ginther* hearing or inquire into defense counsel's strategy for failing to call the nurse as a witness.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Jonathan Tukel

-5-