*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 29, 2021

Plaintiff-Appellee,

v

No. 351104
Wayne Circuit Court
LC No. 18-007457-01-FH

GERARD GABRIEL HAYCRAFT,

Defendant-Appellant.

Before: FORT HOOD, P.J., and CAVANAGH and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of unarmed robbery, MCL 750.530(1), for which he was sentenced to serve 2 to 15 years' imprisonment. We affirm.

## I. FACTS

On August 1, 2018, Marilyn Collins went to an outside ATM to withdraw cash. After she withdrew $500, she was hit in the side of her head by defendant. He knocked her to the ground and onto her back. Defendant stood over Collins and demanded she give him the money, while he punched her repeatedly. Collins testified that she was able to see defendant's face while he was punching her, because her eyes were open, although her hands were over her head. Eventually Collins let go of the money and defendant got on a bike and rode away.

Collins went back to her house, where she gave police officers a description of her attacker. After she talked to the police, she was transported by EMS to the hospital. When she returned to her house, she gave her son, Adrian Collins, a description of her attacker.

Adrian went looking for someone who matched that description on the day of the attack, and he continued to search for a couple of days. Two days after the attack, Adrian saw defendant standing near the ATM where Collins was attacked. He followed defendant into a Marathon gas station, carrying a pole, and told defendant he knew defendant was the one who attacked his mother. Adrian kept defendant isolated in the gas station until Collins arrived. Collins went to the gas station, and identified defendant as the man who attacked her. Police officers responded to the gas station and arrested defendant. Defendant was ultimately convicted of unarmed robbery.

## II. ANALYSIS

Defendant argues that he was denied the effective assistance of trial counsel. We disagree. Because defendant neither requested a new trial nor an evidentiary hearing in the trial court, this issue is unpreserved and our review is limited to mistakes on the existing record. *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013).

To establish a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was objectively unreasonable in light of prevailing professional norms, and that defendant was prejudiced as a result of his counsel's inadequate performance. *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014), citing *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). A defendant is prejudiced if there is a reasonable probability that, but for his counsel's performance, the proceedings would have rendered a different result. *People v Gaines*, 306 Mich App 289, 300; 856 NW2d 222 (2014). The defendant bears a heavy burden to show that the assistance afforded him was ineffective. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012). Part of this burden is establishing a factual predicate for the claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). And the defendant must overcome a strong presumption that counsel's actions were based on reasonable trial strategy. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

Defendant first argues that he was denied the effective assistance of counsel because of counsel's failure to call an expert in eyewitness identification. Defendant has not offered any proof that an eyewitness expert would have testified favorably, but argues only that Collins's identification of defendant was highly suggestive. Because defendant has not provided evidence that an eyewitness expert would have testified favorably, he cannot show that the failure to call an expert witness affected the outcome of his trial. See *People v Ackerman*, 257 Mich App 434, 455-456; 669 NW2d 818 (2003). Further, the decision of whether to call a witness is presumptively a matter of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). And there is no record evidence that defendant's trial counsel did not, in fact, consult with an expert. In any case, trial counsel extensively cross-examined the witnesses in order to undermine the reliability of Collins's identification, which is a reasonable alternative to calling an eyewitness expert. See *People v Blevins*, 314 Mich App 339, 351; 886 NW2d 456 (2016); *People v Cooper*, 236 Mich App 643, 658; 601 NW2d 409 (1999). Therefore, defendant has failed to establish that he was denied the effective assistance of counsel because his counsel failed to consult with or call an eyewitness expert.

Defendant also argues that he was denied the effective assistance of counsel because trial counsel failed to investigate or obtain his cell phone records. Decisions about what evidence to present are presumed to be matters of trial strategy. *People v Solloway*, 316 Mich App 174, 190; 891 NW2d 255 (2016). Defense counsel has the duty "to make reasonable investigations, or to make reasonable decisions that make particular investigation unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (quotation marks and citation omitted). Defendant contends only that the cell phone records *might* contain exculpatory evidence, and has not even provided evidence that defendant had his cell phone on the day Collins was attacked. Defendant has not shown that the cell phone records contain evidence that would have

substantially benefited him. See *Hoag*, 460 Mich at 6. Thus, defendant has not established he was denied the effective assistance of counsel because of trial counsel's failure to investigate and obtain his cell phone records.

Defendant asks this Court to remand to the trial court for an evidentiary hearing under MCR 7.216(A)(5) regarding his cell phone records. But defendant has not shown that an evidentiary hearing on this issue is warranted. Defendant contends only that his cell phone records may contain exculpatory evidence, and he has not filed an affidavit or an offer of proof demonstrating that there is exculpatory evidence in the cell phone records. Therefore, defendant has not provided sufficient evidence to warrant an evidentiary hearing.

Defendant next argues that he was denied the effective assistance of counsel because of trial counsel's failure to investigate and obtain the ATM video of Collins's attack. Defendant cannot show that the ATM video of the incident would have changed the outcome of his trial because the ATM video was never admitted and is not part of the record.[1] Our review is limited to errors apparent from the record. *Nix*, 301 Mich App at 207. Defendant admits that he is unable to show that defense counsel's failure to obtain the ATM footage changed the outcome of defendant's trial, but argues that the cumulative effect of several minor errors may warrant reversal when individual errors would not. However, in order for the cumulative effect of minor errors to warrant reversal, there must be individual errors that can be aggregated to form a cumulative effect. *Unger*, 278 Mich App at 258. The failure to investigate the ATM video is not an error that we will consider, because it is not apparent from the record.

Defendant next argues that trial counsel should have argued that defendant, "a 30-year old single male," could not have committed the attack on Collins because he has Crohn's disease and asthma. Decisions about what evidence to present are presumed to be matters of trial strategy. *Solloway*, 316 Mich App at 190. Trial counsel did ask the lead detective on Collins's case, Officer Lozon, at trial if he knew that defendant had Crohn's disease. Officer Lozon responded that he did not know that defendant had any medical conditions. There was no evidence introduced at trial that defendant had Crohn's disease, and trial counsel did not argue during closing arguments that defendant's Crohn's disease would leave him unable to commit the attack on Collins. Defendant was not denied effective assistance of counsel merely because defense counsel's strategy failed. *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

In addition, defendant has not shown that the outcome of his trial would have been different if trial counsel had argued that he could not have committed the attack on Collins because of his medical conditions. Defendant has not explained how his alleged Crohn's disease or asthma symptoms would have prevented him from committing the attack on Collins. Defendant contends that lethargy is a common symptom of Crohn's disease, and that he becomes weak and lethargic after he gets IV infusions every four to six weeks. However, there is no evidence that he received an IV infusion shortly before August 1, 2018, and he does not explain how his lethargy limits his physical activity. Defendant also does not provide evidence that he could not engage in high levels of physical activity even for the approximately two minutes when Collins was attacked. And we reject defendant's claim that his counsel should have called a medical expert to testify that his

---

[1] There is no record evidence that an ATM video of the incident ever existed.

Crohn's disease symptoms would have prevented him from committing the attack on Collins. Defendant presents no proof that a medical expert would have testified in such a manner as to change the outcome of the trial. Therefore, defendant has not established that he was denied the effective assistance of counsel because of trial counsel's failure to argue, or call a medical expert to testify, that his medical conditions made him incapable of committing the attack on Collins.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Jonathan Tukel